Myrtle Mae CHANDLER, Administratrix, Appellant,

v.

Dr. C. L. PRICHARD, Appellee.

No. 3396.

Court of Civil Appeals of Texas.

Eastland.

Oct. 3, 1958.

Rehearing Denied Feb. 27, 1959.

J. M. Chandler, Fort Worth, Tex., for appellant.

Bradbury, Tippen & Brown, Abilene, for appellee.

WALTER, Justice.

This suit was filed by Dr. C. L. Prichard against Myrtle Mae Chandler, administratrix of the estate of W. J. Cunningham, Sr., deceased, to establish his claim against said estate for the sum of $1,523, plus interest, for services rendered the deceased during his lifetime. The administratrix pleaded a general denial, the ninety day period of limitation provided for in Article 3522, the two year statute of limitation, Vernon's Ann.Civ.St. art. 5526, and res judicata. The case was tried before the court without a jury which resulted in a judgment of a claim for Dr. Prichard against the administratrix for principal and interest in the total amount of $1,987.51. The judgment for Dr. Prichard provides that the administratrix's plea of res judicata does not apply and that Dr. Prichard's claim is not barred by limitation and that suit was filed by Dr. Prichard within a reasonable time after the claim had been presented to the administratrix, who never acted on said claim.

The administratrix has appealed from said judgment on forty-six points of error, which are substantially as follows: points alleging there are no pleadings or evidence to support the judgment; points that appellant has been denied her civil rights and equal protection of the law and deprived of her property, without due process of the law contrary to Section 1 of Amendment 14

of the Constitution of the United States and Section 19 of Article 1 of the Constitution of the State of Texas; points asserting that the ninety day period of limitation provided for in Article 3522 should be applied; points that the two year statute of limitation should have been applied; points that the judgment in the case of Chandler v. Welborn, Tex.Civ.App., 282 S.W.2d 940, decided by this court and affirmed by the Supreme Court in 294 S.W.2d 801, adjudicated or could have adjudicated all issues raised by appellee herein in this case; points that judgment is erroneous in providing for an execution to issue and providing for a recovery of interest; point that no proper claim was ever presented to the administratrix; points alleging error of the court in the manner in which the court filed conclusions of fact and law.

Since many of these points are repetitious of others and relate to the same subject matter, we shall group all of them which are germane to the same subject matter.

We have reached the conclusion that the judgment of the trial court should be affirmed.

In cases tried before the court without a jury on "no evidence points", the rule is well settled that the judgment of the trial court must be affirmed if there is any evidence of a probative nature to support it. See Wilson v. Teague Independent School Dist., Tex.Civ.App., 251 S.W. 2d 263, (Writ Ref.) and Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286.

"And it is settled that only evidence which tends to support a judgment or a finding of fact may be considered, and all evidence favorable to the opposite contention should be disregarded." 3-B Tex.Jur. Sec. 935.

This case and the case of Chandler v. Hendrick Memorial Hospital, Inc., Tex.Civ. App., 317 S.W.2d 248, and the case of Chandler v. Warlick, Tex.Civ.App., 321 S. W.2d 897, were by stipulation and agreement of the parties tried together but separate judgments were entered in each case and separate appeals taken from each final judgment. Appellant's points that she has been deprived of her property in violation of Section 19, Article 1 of the Constitution of the State of Texas and denied her civil rights and equal protection of the law and deprived of her property in violation of Section 1 of Amendment 14 of the Constitution of the United States are overruled because she did not plead or attempt to prove payment of Dr. Prichard's claim and she does not plead or attempt to prove that his claim for services is unreasonable. This case was tried under the established rules and laws of this State by a learned trial court who, in our opinion, entered a proper judgment.

Appellant in her brief in support of her points, contending that the judgment in the case of Chandler v. Welborn, is a bar to the issue involved herein and comes under the doctrine of res judicata, cites the case of Hermann v. Allen, 103 Tex. 382, 128 S.W. 115, 116. This case contains the following provision:

"The proposition is that the necessary legal effect of a final judgment is to determine finally a cause of action set up in the pleadings and pending for decision in the cause when the judgment is pronounced, *unless, indeed, the court exclude it from the scope of its action and this whether the judgment result from actual decision or oversight of the court.*" (Emphasis ours.)

The judgment in the case of Chandler v. Welborn, provided as follows:

"The question of claims of intervenors is not adjudicated herein;—."

The appellee herein was an intervenor in the above cited case and the court in its judgment expressly provided that it was not passing upon his claim; therefore, the judgment in said case could not have been res judicata to the issues involved in the case now being considered.

■ Appellant's points relating to the failure of appellee to file his suit within ninety days after it had been rejected by the administratrix cannot be sustained because the trial court has found in its judgment, based on sufficient evidence, that suit was filed "within a reasonable time after his claim had been presented to the administratrix, who never acted on said claim." Article 3522 provides that the owner of the claim may file suit within ninety days after it has been rejected by the executor or the administrator. The appellee's claim was presented to the administratrix on May 20, 1954, and the administratrix failed to approve or reject it, and this suit was filed March 10, 1955. The administratrix was entitled to a reasonable time to investigate the claim before she was required to either approve or reject it. The record reveals that the administratrix did not qualify as such until April 10, 1954, and at the time the claim was filed no inventory and appraisement had been filed. The record further discloses that the administratrix had been seriously ill and lived in Austin. The evidence further discloses there was no property belonging to the estate unless the case of Chandler v. Welborn, terminated favorably to intervenor. If the administratrix had rejected the claim, there would have been no occasion to determine what would be a reasonable time for her to investigate same and either approve or reject it. Because the administratrix failed to reject the claim on some day certain from which we could start computing the ninety days provided for by statute, it became a question of fact for the trial court to decide when by reason of her failure to act it would be presumed that said claim had been rejected. After a reasonable time had elapsed for the administratrix to consider the claim, the ninety day statute of limitation would be set in motion. This suit was filed within the ninety days provided for by statute after the administratrix had a reasonable time to investigate the claim.

■ It does not require the citation of authorities to support the proposition that the statute of limitation does not begin to run until a cause of action accrues. Senator Cunningham died on September 3, 1952, and this suit was filed on March 10, 1955. Article 5538 provides that in case of the death of any person against whom there may be a cause of action the law of limitation shall cease to run against such cause of action until twelve months after such death unless the administrator shall have sooner qualified in which case limitations shall only cease to run until such qualification.

■ Where necessities are furnished to a person of unsound mind, the law imposes an obligation or agreement on his part to pay for them to the extent of the benefits received. See 44 C.J.S. Insane Persons § 115, p. 274. "The doctrine that mental incapacity renders a contract voidable does not apply where the incompetent has been furnished with necessities. In such cases the law creates an obligation to repay, to the extent of the reasonable value of the necessities." 24 Tex.Jur. 382. Medical services, including nursing and other usual services rendered a person of unsound mind are necessities. See Westbrook v. Adams, Tex.Civ.App., 17 S.W.2d 116. In the case of Ditto Investment Company v. Ditto, Tex. Civ.App., 293 S.W.2d 267, 269, which was a summary judgment case, the court said:

"We think the two-year statute of limitation did not apply to appellant's claim. Where a contract for services provides for compensation to be paid after the death of the employer or out of his estate after his death, the statute of limitation does not begin to run against the employee's claim until the employer dies, unless the employer in his lifetime repudiated the contract. 54 C.J.S. Limitations of Actions § 132, p. 47; Whitehead v. Rhea, Tex.Civ. App., 168 S.W. 460."

Miss Doris Connell, a nurse employed by the Hendrick Memorial Hospital as a supervisor, testified that while Senator

Cunningham was a patient at the hospital she knew of her own knowledge that Dr. Prichard was his attending physician and visited him at least once a day. The witness, Dr. D. H. McDonald, testified that the reasonable value of the services rendered by Dr. Prichard would be from $3 to $5 or more per day. The appellant's attorney, J. M. Chandler, was called to testify by the appellee and when asked, "Now then, do you think that the services of Dr. Prichard were reasonable?", Mr. Chandler said, "Judge, I don't want to answer that question because I told you—I told him I wasn't going to raise any question about the reasonableness of any of those items." The witness, Henry Long, testified that he had been acquainted with the Senator for many years and that he was acquainted with Dr. Prichard and knew that Dr. Prichard was the family physician. He further testified that he was familiar with the services rendered by the doctor and that he visited the Senator at the hospital about four times a week, and had served as a representative of a committee who were trying to look after the Senator while he was in the hospital and he further testified that after the funds had been exhausted Dr. Prichard had, in effect, agreed to wait until the Senator died and agreed to get his money for services rendered out of said estate.

 The witness, Harvey C. Brown, testified that he had been intimately acquainted with the Senator since 1911 or 1913 and had visited him at the hospital. The witness Brown testified that in his opinion the Senator was of unsound mind and had been for several months before he went to the hospital the first time. The appellee herein performed his services with the understanding and agreement that he would not be paid until the estate was settled. The appellee performed his part of the agreement in good faith and the Senator received the advantages under the agreement during his lifetime and restoration of the status quo is now impossible. As said by this court in Houston Land and Trust Company v. Sheldon, Tex.Civ.App., 69 S.W.2d 796, at page 799, "Insane though she were she could bind her estate for the payment of necessaries." We hold from this evidence the trial court was warranted in finding that the appellee's cause of action did not accrue until the Senator's death.

 The appellee had pleaded that the Senator died on September 3, 1953, and that Myrtle Mae Chandler qualified as administratrix of his estate on April 10, 1954. It was not necessary for the appellee to plead Article 5538 which tolls the statutes of limitation for one year after death or for one year after the administratrix qualifies. We hold that the appellee's pleadings were sufficient to plead a cause of action notwithstanding the fact that appellant pleaded the two year statute of limitation because Article 5538 is a public statute of which all are legally charged with knowledge. See Hines v. Foreman, Tex.Com. App., 243 S.W. 479.

 The appellant's points that the pleadings of appellee were insufficient to support the judgment for interest are overruled because after pleading: "Plaintiff shows the Court that said W. J. Cunningham, Sr., died on or about September 3, 1952, and that thereafter Myrtle Mae Chandler qualified as administratrix of the estate of W. J. Cunningham, Sr., in probate number 4,673 of Taylor County, Texas, and did so qualify on April 10, 1954. That thereafter this plaintiff filed a claim, being in due and proper form, duly and properly verified, and filed said claim with said administratrix, having duly and properly presented same to her on May 20, 1954.", he expressly set forth in his petition that he was suing for interest thereon from its due date at the rate of six percent per annum. "Interest, as damages, may be allowed upon unliquidated demands, whether they arise out of a breach of contract or out of a tort." Watkins v. Junker, 90 Tex. 584, 40 S.W. 11, 12. The appellant did not file exceptions to the appellee's pleadings. We

hold the appellee's pleadings were sufficient and if there had been any defect in the pleadings of form or of substance it was appellant's duty to file exceptions thereto and therefore any defect in the pleadings of form or of substance was waived by appellant. See Rule 90, Texas Rules of Civil Procedure.

A copy of appellee's claim was attached to its petition with the explanatory allegation that it was a true and correct copy of the original except that the original was properly signed and notarized. The witness Raleigh Brown testified that the original claim was duly presented to the administratrix. This testimony was not disputed by the appellant or any other witness. There was no real controversy over this issue and we hold that this evidence is sufficient to establish the fact that a proper claim had been presented to the appellant. Since the appellee had properly pleaded and proved that it had presented to the administratrix its claim as required by law, it follows that the appellee was entitled to interest on its claim as provided for in the judgment.

The appellant's points that the court erred in decreeing that execution issue against Myrtle Mae Chandler, administratrix of the estate of W. J. Cunningham, Sr., deceased, must be sustained, and the trial court's judgment is reformed and that portion of said judgment which provides, "and for all of which let execution issue", is hereby deleted therefrom and in lieu thereof the following is inserted in said judgment:

"A certified copy of this judgment shall be filed with the County Clerk of Taylor County where said estate is pending within the time provided for by law and entered upon the claim docket and shall be classified by the County Judge."

The judgment of the trial court is reformed and affirmed.