Myrtle Mae CHANDLER, Administratrix,
Appellant,

v.

HENDRICK MEMORIAL HOSPITAL,
Inc., Appellee.

No. 3395.

Court of Civil Appeals of Texas.
Eastland.

Oct. 3, 1958.

Rehearing Denied Oct. 24, 1958.

William G. Washington, L. P. Blanchard, Austin, for appellant.

Kelly, Hunt & Cullen, Victoria, Linton S. Benge, Goliad, for appellee.

J. M. Chandler, Shreveport, La., for appellant.

Bradbury, Tippen & Brown, Abilene, for appellee.

WALTER, Justice.

This suit was filed by Hendrick Memorial Hospital, Inc., against Myrtle Mae Chandler, administratrix of the estate of W. J. Cunningham, deceased, to establish a claim against the estate for the sum of $6,870.40, plus interest, for hospital care, room, board and nursing services rendered to W. J. Cunningham from November 20, 1950, until his death on September 3, 1952. The administratrix pleaded a general denial, the ninety day period of limitation provided for in Article 3522, the two year statute of limitation, Vernon's Ann.Civ.St. art. 5526, and res judicata. The case was tried before the court without a jury which resulted in a judgment for the hospital

against the administratrix for principal and interest in the total amount of $8,965.85. The judgment further expressly provides that the administratrix' plea of res judicata does not apply, that the hospital's claim is not barred by limitation, and that suit was filed by the hospital within a reasonable time after the claim had been presented to the administratrix, who never acted on the claim.

The administratrix has predicated her appeal on forty-six points of error which are substantially as follows: points alleging there are no pleadings or evidence to support the judgment; points that appellant has been denied her civil rights and equal protection of the law and deprived of her property without due process of the law contrary to Section 1 of Amendment 14 of the Constitution of the United States and Section 19 of Article 1 of the Constitution of the State of Texas; points asserting that the ninety day period of limitation provided for in Article 3522 should be applied; points that the judgment in the case of Chandler v. Welborn, 282 S. W.2d 940, decided by this court and affirmed by the Supreme Court in 294 S.W. 2d 801, adjudicated or could have adjudicated all issues raised by appellee herein; points that judgment is erroneous in providing for an execution to issue and providing for a recovery of interest; point that no proper claim was ever presented to the administratrix; points alleging error of the court in the manner in which the court filed conclusions of fact and law.

Since many of these points are repetitious of others and relate to the same subject matter, we shall group all of them which are germane to the same subject matter.

We have reached the conclusion that the judgment of the trial court should be affirmed.

█ In cases tried before the court without a jury on "no evidence points", the rule is well settled that the judgment of the trial court must be affirmed if there is any

evidence of a probative nature to support it. See Wilson v. Teague Independent School District, Tex.Civ.App., 251 S.W.2d 263 (Writ Ref.) and Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286.

"And it is settled that only evidence which tends to support a judgment or a finding of fact may be considered, and all evidence favorable to the opposite contention should be disregarded." 3-B Tex.Jur. Sec. 935.

■ Appellant does not complain about the hospital care and service rendered to the deceased during his long stay at the hospital and does not allege payment for these services. Her case was tried before a learned trial court, who heard the evidence and applied the established laws of this state in arriving at what we consider a proper judgment. Not having paid the hospital bill and her case having been tried as any other similar case would have been tried in our courts, we cannot see how she had been deprived of her property in violation of Section 19 of Article 1 of the Constitution of the State of Texas or how she had been denied her civil rights and equal protection of the law and deprived of her property in violation of Section 1 of Amendment 14 of the Constitution of the United States. These points are overruled.

Appellant in her brief in support of her points contending that the judgment in the case of Chandler v. Welborn is a bar to the issues involved herein and comes under the doctrine of res judicata cites the case of Hermann v. Allen, 103 Tex. 382, 128 S. W. 115, 116. This case contains the following provision:

"The proposition is that the necessary legal effect of a final judgment is to determine finally a cause of action set up in the pleadings and pending for decision in the cause when that judgment is pronounced, *unless, indeed, the court exclude it from the scope of its action; and this whether the judgment result from actual decision or oversight of the court.*" (Emphasis ours.)

The judgment in the case of Chandler v. Welborn, provided as follows:

"The question of claims of intervenors is not adjudicated herein; * * *."

■ The appellee herein was an intervenor in the above cited case and attorneys E. S. Cummings and Clyde A. Mote filed its plea of intervention therein, and the court in its judgment expressly provided that it was not passing upon its claim; therefore, the judgment in said case could not have been res judicata to the issues involved in the case now being considered.

Appellant's points relating to the failure of appellee to file its suit within ninety days after its claim had been rejected by the administratrix cannot be sustained because the trial court has found in its judgment, based on sufficient evidence, that suit was filed "within a reasonable time after its claim had been presented to the administratrix, who never acted on said claim." Article 3522 provides that the owner of the claim may file suit within ninety days after it has been rejected by the executor or the administrator. The appellee's claim was presented to the administratrix on May 20, 1954, and the administratrix failed to approve or reject it, and this suit was filed March 10, 1955. The administratrix was entitled to a reasonable time to investigate the claim before she was required to either approve or reject it. The record reveals that the administratrix did not qualify as such until April 10, 1954, and at the time the claim was filed no inventory and appraisement had been filed. The record further discloses that the administratrix had been seriously ill and lived in Austin and the hospital records were located in Abilene. The evidence further discloses there was no property belonging to the estate unless the case of Chandler v. Welborn terminated favorably to intervenor.

■ If the administratrix had rejected the claim, there would be no occasion

to determine what would be a reasonable time for her to investigate same and either approve or reject it. Because the administratrix failed to reject the claim on some day certain from which we could start computing the ninety days provided for by statute, it became a question of fact for the trial court to decide when by reason of her failure to act it would be presumed that said claim had been rejected. After a reasonable time had elapsed for the administratrix to consider the claim, the ninety day statute of limitation would be set in motion. This suit was filed within the ninety days provided for by statute after the administratrix had a reasonable time to investigate the claim.

It does not require the citation of authorities to support the proposition that the statute of limitations does not begin to run until a cause of action accrues. Senator Cunningham died on September 3, 1952, and this suit was filed on March 10, 1955. Article 5538 provides that in cases of the death of any person against whom there may be a cause of action, the law of limitation shall cease to run against such cause of action until twelve months after such death unless the administrator shall have sooner qualified, in which case, limitations shall only cease to run until such qualification.

Where necessities are furnished to a person of unsound mind, the law imposes an obligation or agreement on his part to pay for them to the extent of the benefits received. See 44 C.J.S. Insane Persons § 115, p. 274. "The doctrine that mental incapacity renders a contract voidable does not apply where the incompetent has been furnished with necessities. In such case the law creates an obligation to repay, to the extent of the reasonable value of the necessities." 24 Tex.Jur. 382. Medical services, including nursing and other usual services rendered a person of unsound mind, are necessities. See Westbrook v. Adams, Tex.Civ.App., 17 S.W.2d 116. In the case of Ditto Investment Co. v. Ditto, Tex.Civ.App., 293 S.W.2d 267, 269, which

was a summary judgment case, the court said:

"We think the two-year statute of limitation did not apply to appellant's claim. Where a contract for services provides for compensation to be paid after the death of the employer or out of his estate after his death, the statute of limitation does not begin to run against the employee's claim until the employer dies, unless the employer in his lifetime repudiated the contract. 54 C.J.S. Limitations of Actions § 132, p. 47; Whitehead v. Rhea, Tex.Civ. App., 168 S.W. 460."

There is evidence in this record of an exhibit which gives the name of W. J. Cunningham and opposite the printed form which contains the following, "Account To Be Paid By", there is typewritten the word "self". It is appellant's contention that this evidence has probative force and established the fact that the suit filed on herein was an open account that became due and payable during the life time of the Senator. E. M. Collier, administrator of Hendrick Memorial Hospital, testified that while the Senator was in the hospital he was in such condition that he was unable to discuss with him the payment of his bill and that he understood and realized that he would just have to carry him along and wait until his death and be paid out of the Senator's estate. He was asked:

"Q. If you ever expected to get any pay it would have to be out of his estate after his death? A. Yes, sir.

"Q. And that's the way you carried him as a patient? A. Yes, sir."

The witness, Harvey C. Brown, testified that he had been intimately acquainted with the Senator since either 1911 or 1913. He was asked:

"Q. During that period, in your opinion, was he of sound or unsound mind? A. In my opinion he was of unsound mind for several months before he went to the hospital the first time, whatever period that covers.

"Q. And during that period of time from 1950 to the time of his death in your opinion was ·he capable of transacting business? A. No, sir. He was not."

█ Collier's testimony expressly fixed the time of payment of the Senator's hospital bill to be at the Senator's death to be paid out of his estate. With this agreement and understanding about the time of payment, the hospital performed its part of the contract·in good faith. The Senator received the advantages of the contract during his life time and restoration of the status quo is impossible. As said by this court in Houston Land & Trust Company v. Sheldon, 69 S.W.2d 796 at page 799, "Insane though she were, she could bind her estate for the payment of necessaries." The trial court was warranted in finding that appellee's cause of action did not accrue until the Senator's death.

█ The hospital had pleaded that the Senator died on September 3, 1952, and that Myrtle Mae Chandler qualified as administratrix of his estate on April 10, 1954. It was not necessary for the hospital to plead Article 5538 which tolls the statutes of limitation for one year after the death or for one year after the administratrix qualifies. We hold that the appellee's pleadings were sufficient to plead a cause of action notwithstanding the fact that appellant pleaded the two year statute of limitation because Article 5538 is a public statute of which all are legally charged with knowledge. Hines v. Foreman, Tex. Com.App., 243 S.W. 479.

█ The appellant's points that the pleadings of the appellee were insufficient to support the judgment for interest are overruled, because after pleading: "Plaintiff shows the Court that said W. J. Cunningham, Sr., died on or about September 3, 1952, and that thereafter Myrtle Mae Chandler qualified as administratrix of the estate of W. J. Cunningham, Sr., in probate number 4,673 of Taylor County, Texas, and did so qualify on April 10, 1954.

That thereafter, this plaintiff filed a claim, being in due and proper form, duly and properly verified, and filed said claim with said administratrix, having duly and properly presented same to her on May 20th, 1954.", it expressly set forth in its petition that it was suing for interest from its due date at the rate of six percent per annum. "Interest, as damages, may be allowed upon unliquidated demands, whether they arise out of. a breach of contract or out of a tort." Watkins v. Junker, 90 Tex. 584, 40 S.W. 11, 12. The appellant did not file exceptions to the appellee's pleadings. We hold the appellee's pleadings were sufficient and if there had been any defect, omission or fault in them of form or of substance it was appellant's duty to file exceptions thereto and therefore any defect in the pleadings of form or of substance was waived by appellant. See Rule 90, Texas Rules of Civil Procedure.

█ A copy of appellee's claim was attached to its petition with the explanatory allegation that it was a true and correct copy of the original except that the original was properly signed and notarized. The witness, Raleigh Brown, testified that the original claim was duly presented to the administratrix. This testimony was not disputed by the appellant or any other witness. There was no real controversy over this issue and we hold that this evidence is sufficient to establish the fact that a proper claim had been presented to the appellant. Since the appellee had properly pleaded and proved that it had presented to the administratrix its claim as required by law, it follows that the appellee was entitled to interest on its claim as provided for in the judgment.

█ The appellant's points that the court erred in decreeing that execution issue against Myrtle Mae Chandler, administratrix of the estate of ·W. J. Cunningham, deceased, must be sustained, and the trial court's judgment is reformed and that portion of said judgment which provides, "and for all of which let execution issue", is hereby deleted therefrom and in lieu there-

of the following is inserted in said judgment:

"A certified copy of this judgment shall be filed with the County Clerk of Taylor County where said estate is pending within the time provided for by law and entered upon the claim docket and shall be classified by the County Judge."

The judgment of the trial court is reformed and affirmed.