B. J. GIST et al., Appellants,

v.

**STAMFORD HOSPITAL DISTRICT
et al., Appellees.**

No. 5090.

Court of Civil Appeals of Texas,
Eastland.

Oct. 13, 1977.

Rehearing Denied Nov. 3, 1977.

J. R. Black, Jr., Scarborough, Black, Tarpley & Scarborough, Abilene, for appellants.

John L. Hill, Atty. Gen., David A. Talbot, Jr., Austin, J. Shelby Sharpe, Brown, Herman, Scott, Dean & Miles, Fort Worth, for appellees.

WALTER, Justice.

B. J. Gist, Lem Ruark and Anita Harvey MacGregor filed their petition for a declaratory judgment complaining of the Stamford Hospital District and its Board of Directors, Sam Baize, A. C. Humphrey, A. J. Mills, Don Rose, Eugene Swenson, Eugene Watts, and Earl Smith, and the Attorney General of Texas seeking to have Senate Bill # 450, being Chapter 563 of the regular session of the 63rd Legislature authorizing the expansion of the Stamford Hospital District, declared null and void and unconstitutional under the Fourteenth Amendment of the United States Constitution. They also sought injunctive relief.

Defendants pleaded res judicata and contended *Stamford Hospital District v. Billy Vinson et al.,* 517 S.W.2d 358 (Tex.Civ.App.—Eastland 1974, writ ref. n. r. e.) is determinative of all issues pleaded by the plaintiffs. The court granted defendants' motion for summary judgment and plaintiffs have appealed.

Appellants contend the *Vinson* case is not res judicata because they were not parties to that suit and a United States constitutional question is involved in the case at bar.

Able counsel for appellants vigorously contend the court erred in refusing to follow that part of the declaratory judgment act that provides, "No declaration shall prejudice the rights of persons not parties to the proceeding." We disagree.

In *Seibert v. City of Columbia,* 461 S.W.2d 808 (Mo.Sup.1970), the court said:

"We are in full accord with the doctrine of virtual representation. It would be unthinkable in our system of jurisprudence to hold that each taxpayer of a municipality could bring a suit to attack an annexation and that res judicata would not apply because there was not an

identity of parties. Of necessity, absent fraud or bad faith, all residents and taxpayers must be bound by the result of litigation of a public nature carried on by one in similar circumstances and having a common interest . . ."

We hold appellants were parties to the *Vinson* case under the doctrine of virtual representation.

In *Cochran County v. Boyd*, 26 S.W.2d 364 (Tex.Civ.App.—Amarillo 1930, writ ref'd), the court said:

"It is true that in attacking the election and the bonds in the *Caldwell* Case [*Caldwell et al. v. Crosser et al.*, Tex.Civ.App., 20 S.W.2d 822] the question of the validity of the bonds, because notice of the election had not been published in accordance with the provisions of Revised Statutes, art. 28, was not specifically raised, but Judge Jackson held that the bonds had been validated by the act of the Legislature, cited in the opinion, which we think is conclusive of all contentions which might be urged here, touching the regularity of the election proceedings. *Moreover, that judgment is conclusive of all issues which might and should have been urged in that case.*

What this court said in the case of *Montgomery v. Huff*, supra [Tex.Civ. App., 11 S.W.2d 237], quoting from the case of *Crane v. L. & H. Blum*, 56 Tex. 325, to the effect that the good of society, the preservation of rights and good order, require that when the rights of parties have once been determined by the ultimate tribunal provided by law, the same should pass from the field of strife forever, is peculiarly applicable to this case.

The general rule is that, in the absence of fraud or collusion, a judgment for or against a county or other municipality is binding and conclusive upon all residents, citizens, and taxpayers, in respect to the matters adjudicated which are of general and public interest, and that all other citizens and taxpayers similarly situated are virtually represented in the litigation and bound by the judgment, and this applies especially to judgments relating to the validity of county bonds. 34 C.J. 1028 § 1459.

The reason for this rule is stated by the same authority on page 1029, as follows: 'If this were not so, each citizen, and perhaps each citizen of each generation of citizens, would be at liberty to commence an action and to litigate the question for himself. * * * If a judgment against the county in its corporate capacity does not bind the taxpayers composing the county, then it would be difficult to imagine what efficacy could be given to such judgment.' See, also, 15 R.C.L. 1035, § 510.

The Supreme Court has adhered to the rule in the case of *Hovey v. Shepherd,* 105 Tex. 237, 147 S.W. 224, 225, in which it is said: 'The interveners were not parties to the suit of the *K. C., M. & O. R. Co. v. City of Sweetwater,* (62 Tex.Civ.App. 242, 131 S.W. 251; Id., 104 Tex. 329, 137 S.W. 1117) at the time the judgment of the court was entered, but they were citizens of that municipal corporation, and the important question in the case is reached by the announcement of the well-settled proposition of law that, if the matter adjudicated affected the interest of the public as distinguished from the private interest of the citizens of the city, although not parties to the suit, all citizens are concluded thereby.'" (Emphasis added)

In *Hodgkins v. Sansom,* 135 S.W.2d 759 (Tex.Civ.App.—Fort Worth 1939, writ dism'd jdgmt. cor.), the court said:

"It is elementary that the parties in the prior suit are to be held to the rule that all issues and questions which could have been raised in such suit are now deemed to have been raised and litigated.

The only question raised in the instant suit that was not presented in the prior suit is the fact issue that Hodgkins had moved out of the school district and had thereby vacated his office as Trustee when the acts of the Board complained of were had and done. This fact could have been ascertained and was one easily ascertained by the plaintiffs, in the prior

suit, if such a condition obtained. *Mercer et ux. v. Rubey,* Tex.Civ.App., 108 S.W.2d 677, writ refused; *Metropolitan Life Ins. Co. v. Pribble,* Tex.Civ.App., 130 S.W.2d 332, writ refused."

We held the statute was constitutional under the State Constitution and the election was valid in Vinson. We hold appellants and all other citizens and taxpayers similarly situated were virtually represented in Vinson and that the judgment is "conclusive of all issues which might and should have been urged in that case."

We have examined all of appellants' points of error and find no merit in them. They are overruled.

The judgment is affirmed.