**Kenneth R. CAUDLE et al., Appellants,**

v.

**CITY OF GARLAND, Texas et al., Appellees.**

No. 19937.

Court of Civil Appeals of Texas, Dallas.

May 23, 1979.

Rehearing Denied June 27, 1979.

George A. Preston, Bruder, Cooper, Mc-Coll, & Preston, Dallas, for appellants.

Elbert M. Morrow, Dallas, for appellees.

Before GUITTARD, C. J., and STOREY and HUMPHREYS, JJ.

GUITTARD, Chief Justice.

Appellants are residents of the City of Garland and customers of the municipal electric power system of that city. They filed this suit against the city and the Texas Municipal Power Agency to declare void a certain contract between the city and the agency for the sale and delivery of electric power by the agency to the municipal system. Appellants also sought to restrain appellees from carrying out the terms of that contract. Appellees moved for summary judgment on various grounds, only one of which need be noticed here. The trial court granted the motions and denied recovery. We affirm on the ground that appellants' suit is barred under the doctrines of virtual representation and res judicata by a judgment in a quo warranto action brought by the State of Texas and others concerning the validity of this particular contract.

The only allegation in appellant's petition urged here as a basis for attacking the contract in question is the following:

That the Defendant, City of Garland, Texas, acting in its proprietary capacity, has constructed, operates and maintains a municipally owned electric power system; that the Defendant, City of Garland, Texas, purporting to act under its police powers, has established policies which effectively deny, deprive and preclude your Plaintiffs and the class of which they are members (i. e., consumers of electric power and customers of the municipally owned electric power system of the City of Garland, Texas) from procuring electric power from any other source, to the end that the City of Garland, Texas, shall be the exclusive furnisher and source of electric power to the Plaintiffs, and the class of which they are members.

Appellees pleaded and alleged in their motions for summary judgment that appellants' attack on the contract is barred by the doctrines of res judicata and virtual representation because the constitutionality and validity of this contract, as well as similar contracts between the agency and other participating municipalities, was at

issue and was decided by the District Court of Grimes County in cause number 22648, styled *State of Texas v. TMPA, et al.,* which judgment was affirmed by the Court of Civil Appeals, First District, at Houston. Copies of the petition and the judgment in that case, and also the mandate of the court of civil appeals, were filed with the motion. The nature of that case appears also in the opinion of the court of civil appeals, styled *State v. Texas Municipal Power Agency,* 565 S.W.2d 258 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ dism'd). The plaintiffs in that suit asserted that any payment of funds by the cities to the agency under the contract in question was unlawful on various grounds under the state and federal constitutions. The trial court in that case denied relief by granting a summary judgment, which was affirmed on appeal.

We hold that the judgment in that case bars the present suit, regardless of the fact that, so far as appears, the invalidity of the contract in question was not urged on the exact ground appellants raise here. Appellants argue here that the contract is unlawful and void because in obligating the city to purchase power from the agency and limiting in certain respects its freedom to expand its own facilities and purchase power from other sources, the contract tends to restrict competition and, therefore, is a "monopoly" prohibited by article I, section 26, of the Texas Constitution. This question though not raised in the quo warranto case, could properly have been raised there because that case, like the present, involved the validity of the same contract and the legality of the city's payments under it.

A similar application of the rules of virtual representation and res judicata was before us recently in *Oak Lawn Preservation Society v. Board of Managers of Dallas County Hospital District,* 566 S.W.2d 315, 317–18 (Tex.Civ.App.—Dallas 1978, no writ). That case, like the present, involved the validity of a contract between two governmental agencies which was challenged in a subsequent suit by different parties and on different grounds than those presented in an earlier suit. We held that the parties attacking the contract were bound by the

judgment in the earlier case because otherwise one citizen after another could extend indefinitely litigation challenging the same act of a public body by attacking it on one new theory after another. We adhere to these views. We also hold that this principle is not affected by the circumstance that the new ground of invalidity subsequently urged is based on the constitution. *Gist v. Stamford Hospital District,* 557 S.W.2d 556 (Tex.Civ.App.—Eastland 1977, writ ref'd n. r. e.), *cert. denied,* 439 U.S. 822, 99 S.Ct. 89, 58 L.Ed.2d 114 (1978).

Appellees also questioned in the trial court the standing of appellants to bring this suit, and they raise the same question here in support of the summary judgment. We are not sure that the summary judgment can properly be considered as based on lack of standing, since it does not dismiss the action, but finally disposes of all claims presented by appellants. In view of our disposition of the appeal on the ground above stated, we express no opinion on the standing question.

Affirmed.