**In re the ESTATE OF Glenn B. MAHAN, Deceased.**

No. 16826.

Court of Appeals of Texas, San Antonio.

May 18, 1983.

Rehearing Denied June 15, 1983.

Parker Ellzey, Alice, for appellant.

Homer E. Dean, Alice, for appellee.

Before ESQUIVEL, BUTTS and REEVES, JJ.

## OPINION

REEVES, Justice.

This is an appeal from the trial court's order dismissing the appellant's claim against the estate of Glenn Mahan for personal services rendered. The appellants, Mildred Kusel and Wade Mahan, were appointed co-administrators of the estate of their deceased brother, Glenn Mahan, by the County Court of Jim Wells County. The County Court transferred the cause to District Court when appellees, also surviving sisters of the deceased, contested the appellants' initial claim against the estate.

Appellees twice specially excepted to appellants' claim which exceptions were twice sustained by the trial court with appellants, refusing again to amend their pleadings. The trial court, upon motion by appellees, dismissed the claim. The sole point of error presented by appellants is that the trial court erred in sustaining the special exceptions and in dismissing the action. We disagree.

The gravamen of appellants' argument is that the pleading is not subject to a special exception in that by presenting a verified claim stating the reasons for the claim, they have satisfied the requirements of the Probate Code. Tex.Prob.Code Ann. § 317(a) (Vernon 1980). Section 317(a) provides:

Claims By Personal Representatives

(a) By Executors or Administrators

The foregoing provisions of this code relative to the presentation of claims against an estate shall not be construed to apply to any claim of the executor or administrator against his testator or intestate; but an executor or administrator holding such claim shall file the same in the court granting his letters, verify by affidavit as required in other cases within six months after he has qualified, or such claim shall be barred.

Tex.Prob.Code Ann. § 317(a) (Vernon 1980).

But as appellees have pointed out, section 312(a) of the Probate Code provides:

Any person interested in an estate or ward may, at any time before the court has acted upon a claim, appear and object in writing to the approval of the same, or any part thereof, and in such case the party shall be entitled to process for witnesses, and the court shall hear proof and render judgment as in *ordinary suits.*

Tex.Prob.Code Ann. § 312(a) (Vernon 1980). (Emphasis added).

Under Rule 2 of our Rules of Civil Procedure, the rules are applicable to probate cases except where conflicting provisions of the Probate Code apply. Tex.R.Civ.P. 2; *Kotz v. Kotz,* 613 S.W.2d 760, 761 (Tex.Civ. App.—Beaumont 1981, no writ). Section 9 of the Probate Code, in fact, closely resembles Rule 90 of the Rules of Civil Proce-

dures provision that complaints against form or substance in pleadings should be raised in a timely manner or considered waived. *Compare* Tex.Prob.Code Ann. § 9 (Vernon 1980) *with* Tex.R.Civ.P. 90.

The appellees asserted special exceptions against the appellants' claim based upon Tex.R.Civ.P. 50. The cases relied upon by appellant create a right of recovery for services rendered by claimants during the lifetime of the decedent. None of these cases, however, directly address the issue of the sufficiency of pleadings required to recover for services rendered. *See Chandler v. Prichard*, 321 S.W.2d 891 (Tex.Civ.App.—Eastland 1958, writ ref'd n.r.e.); *Martin v. De La Garza*, 38 S.W.2d 157 (Tex.Civ.App.—San Antonio 1931, no writ). But the Court in *Chandler* stated that the failure of the administrator to specially except to the claimant's pleadings concerning interest acted as a waiver of any defects in the pleadings made by the claimant. *Chandler v. Prichard*, 321 S.W.2d 891, 896–97 (Tex. Civ.App.—Eastland 1958, writ ref'd n.r.e.). Moreover, in *McFaddin v. Trahan*, 80 S.W.2d 492 (Tex.Civ.App.—Beaumont 1935, no writ), the court stated that the claimant must "allege and prove there was an agreement." *Id.* at 493.

We, therefore, find no provisions in the Probate Code which directly conflict with the requirements for pleadings under the Rules of Civil Procedure, and thus relieve the appellants of the necessity of amending their pleadings upon special exceptions. The cases relied upon by appellants, indicate that the requirements of the Rules of Civil Procedure apply to claims made against estates under the Probate Code.

Once special exceptions are granted, a party has the option of amending or standing on his pleadings. *McCamey v. Kinnear*, 484 S.W.2d 150, 152 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.). Should he choose the latter course, he runs the risk of having his pleadings dismissed for failure to state a cause of action. *Id.* at 153. In the instant case, the appellants' pleadings were effectively stripped of all factual allegations by the exceptions sustained by the trial court. The basis of the exceptions included the statute of limitations as a bar for recovery for any services rendered before 1977, the Deadman Statute for the exclusion of transactions between the claimants and the deceased, and that the pleading asserted legal conclusions and not the factual basis for the claim. We, therefore, find that the trial court did not err in dismissing appellants' claim. *Rutledge v. Valley Evening Monitor*, 289 S.W.2d 952, 953 (Tex.Civ.App.—San Antonio 1956, no writ). We affirm the judgment of the trial court.