**S.O.C. HOMEOWNERS ASSOCIATION Appellant,**

v.

**CITY OF SACHSE, Texas and City of Garland, Texas Appellee.**

No. 05–86–01313–CV.

Court of Appeals of Texas, Dallas.

Nov. 2, 1987.

R. Michael McCauley, John M. Weaver, Dallas, for appellant.

John W. Bickel, II, William A. Brewer, III, James S. Renard, Charles M. Hinton, Jr., Timothy S. Perkins, Dallas, for appellee.

Before STEPHENS, STEWART and BAKER, JJ.

BAKER, Justice.

S.O.C. Homeowners Association appeals from a trial court judgment severing its claims in intervention from the main suit between the City of Sachse and the City of Garland. S.O.C. asserts in seven points of error that the trial court abused its discretion in entering the severance order. We disagree and affirm the trial court's judgment.

The City of Sachse, Texas, originally initiated the main suit against the City of Garland to enjoin Garland from annexing or attempting to annex a 373 acre tract purchased by Garland in July 1985. Garland counterclaimed against Sachse alleging a conspiracy between Sachse and other parties and sought damages, attorney's fees and injunctive relief. In August 1986, Sachse and Garland executed a compromise settlement agreement and mutual release of claims in which both cities agreed to dismiss all pending claims and causes of action. On that same day S.O.C. intervened and asserted that it was entitled to damages from both cities because the settlement agreement was illegal and void. Specifically, S.O.C. asserted that the settlement agreement was illegal and void because the procedures by which Sachse and Garland negotiated, approved and executed the settlement agreement violated the Texas Open Meetings Act, violated the respective charters of the two cities, and were *ultra vires* acts.

On August 28, 1986, the trial court entered a final agreed judgment which dismissed with prejudice the claims between Sachse and Garland. The court also incorporated the settlement agreement between the cities into the judgment for all purposes, and severed S.O.C.'s claims from the original action. In its motion for new trial, S.O.C. argued that the final agreed judgment substantively disposed of its claims. As a result, the trial court entered a modified final judgment on November 11, 1986. In this modified judgment, the trial court expressly ordered that this judgment "shall not affect the claims and causes of action, if any, of S.O.C. Homeowners Association" and further ordered the compromise settlement agreement and mutual release of claims be binding as between Sachse and Garland in all respects. S.O.C. asserts that its claim is foreclosed by the trial court's judgment.

S.O.C.'s intervention seeks to have the agreement between the cities declared void and unenforceable and characterizes this cause of action as an attempt to keep the agreement from becoming binding on the cities. Therefore, S.O.C. reasons that it will be collaterally estopped to assert its cause of action in the severed trial and is bound under the first judgment because of the doctrine of virtual representation.

S.O.C. relies on *Gist v. Stamford Hospital Dist.*, 557 S.W.2d 556, 557 (Tex.Civ.App.—Eastland 1977, writ ref'd n.r.e.), *cert. denied*, 439 U.S. 822, 99 S.Ct. 89, 58 L.Ed.2d 114 (1978), which articulates the doctrine of virtual representation to be that "in the

absence of fraud or collusion, a judgment for or against a county or other municipality is binding and conclusive upon all residents, citizens, and taxpayers, in respect to the matters adjudicated which are of general and public interest, and that all other citizens and taxpayers similarly situated are virtually represented in the litigation and bound by the judgment...."

The *Gist* Court, in setting out the doctrine of virtual representation relied on *Cochran County v. Boyd*, 26 S.W.2d 364 (Tex.Civ.App.—Amarillo 1930, writ ref'd). An examination of *Cochran* reveals that the doctrine is grounded in the rule of res judicata. Res judicata, or claim preclusion, precludes litigation of claims within the same cause of action that were or could have been litigated in the first action. *Texas Water Rights Commission v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex. 1979). A logical corollary to this rule is that the res judicata effects of an action cannot preclude litigation of claims that a trial court explicitly separates or severs from that action. *See Chandler v. Hedrick Memorial Hospital*, 317 S.W.2d 248, 251 (Tex.Civ.App.—Eastland 1958, writ ref'd n.r.e.); *Morrison v. St. Anthony Hotel*, 295 S.W.2d 246, 249 (Tex.Civ.App.—San Antonio 1956, writ ref'd n.r.e.). Consequently, res judicata is inapplicable under our facts.

Collateral estoppel is narrower than res judicata. It is frequently characterized as issue preclusion because it bars relitigation of any ultimate issue of fact or law actually litigated and essential to the judgment in a prior suit, regardless of whether the second suit is based upon the same cause of action. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984). The issue of the illegality of the settlement agreement was not litigated in this suit. We hold that because the issue of the validity of the settlement agreement was not litigated in the main action, the doctrine of collateral estoppel likewise would not bar assertion of S.O.C.'s claims in the severed cause. Finally, S.O.C.'s claim that the agreement was void was expressly severed by the trial court; there-

fore, the doctrine of virtual representation does not apply to S.O.C. in the instant case because it binds S.O.C. only as to matters adjudicated in the final judgment. *Compare Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381 (Tex.1985).

Any claim against a party may be severed and proceeded with separately. TEX.R.CIV.P. 41. Rule 41 grants the trial court broad discretion in the matter of consolidation and severances of causes. *McGuire v. Commercial Union Insurance Co. of New York*, 431 S.W.2d 347, 351 (Tex.1968). For severance to be proper, the following elements are necessary: (1) the controversy must involve more that one cause of action, (2) the severed cause must be one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed causes must not be so intertwined as to involve the same identical facts and issues. *See Weaver v. Jock*, 717 S.W.2d 654, 662 (Tex.App.—Waco 1986, writ ref'd n.r.e.); *Hayes v. Norman*, 383 S.W.2d 477, 478 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.). In the instant case the actions between Sachse and Garland were separate and distinct from that asserted by S.O.C. in its intervention. Since these causes were separate and distinct, each being such that it could be properly tried if it were the only claim in controversy, the claims as between Sachse and Garland on the one hand and the claims asserted by S.O.C. against Sachse and Garland on the other were properly severable under Rule 41. The severance will not result in duplicitous trials of interwoven or identical issues. We hold that the trial court did not abuse its discretion in ordering the severance.

S.O.C.'s points of error are overruled and the trial court's judgment is affirmed.