**Opinion filed October 10, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00131-CV

_____

## IN THE INTEREST OF A.D.M., A CHILD

On Appeal from the 318th District Court

Midland County, Texas

Trial Court Cause No. AD-33,289

## M E M O R A N D U M   O P I N I O N

Based upon a petition filed by the mother and stepfather of A.D.M., the trial court terminated the parental rights of A.D.M.'s father and permitted A.D.M. to be adopted by her stepfather. The father filed a pro se notice of appeal. In his appellate brief, the father presents eight points of error. We affirm.

At the outset, we note that Appellees (A.D.M.'s mother and A.D.M.'s adoptive father) assert that Appellant's brief is frivolous. Appellees ask that we dismiss this appeal as frivolous because Appellant failed to adhere to the briefing standards required by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. Although Appellant's brief does not meet all of the requirements of Rule 38.1,

we do not believe that his appeal is frivolous. We will address the relevant deficiencies in Appellant's brief as we address his points of error. Furthermore, we will construe the briefing rules liberally. *See* TEX. R. APP. P. 38.9.

In his first point of error, Appellant asserts that his criminal history should not have been taken into consideration, that he was subjected to double jeopardy, and that misinformation of a constitutional magnitude was considered at trial. We disagree.

One of the grounds upon which Appellees sought to terminate Appellant's parental rights related to Appellant's criminal history. Appellees asserted three grounds upon which Appellant's parental rights could be terminated; the trial court found that two of the three asserted grounds supported termination. Specifically, the trial court found that the father had failed to support the child in accordance with his ability during a period of one year ending within six months of the date that the petition was filed and that the father had knowingly engaged in criminal conduct that resulted in his convictions for the offenses of aggravated assault and manslaughter and, thus, in his imprisonment and inability to care for the child for not less than two years from the date that the petition was filed. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(F), (Q) (West Supp. 2018). The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child. *See id.* § 161.001(b)(2).

To support a finding under subsection (Q), the record must show that the parent will be incarcerated or confined and unable to care for the child for at least two years from the date the termination petition was filed. *Id.* § 161.001(b)(1)(Q); *In re H.R.M.*, 209 S.W.3d 105, 110 (Tex. 2006). Thus, it was proper for the trial court to consider Appellant's criminal history, including the two judgments that were admitted into evidence, which reflect that Appellant was convicted of manslaughter and aggravated assault and was sentenced on October 6, 2016, to a term of

confinement for five years. Furthermore, nothing in the record indicates that Appellant was subjected to double jeopardy.

Appellant also asserts in his first point of error that the hearing procedure violated his rights and that he was denied a full and fair hearing and cites *Zuniga v. Zuniga*, 13 S.W.3d 798 (Tex. App.—San Antonio 1999, no pet.), in support of his assertion. The Texas Supreme Court, however, has disapproved of the holding in *Zuniga* upon which Appellant relies. *See In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003). Furthermore, Appellant filed an answer below and was duly served with notice of the final hearing. Appellant, however, did not appear at trial, did not request to be bench warranted so that he could appear at trial, and did not request to appear by telephone or any other manner. Nothing in the record reflects that Appellant was denied a full and fair hearing. We overrule Appellant's first point of error.

In his second point of error, Appellant asserts that the trial court subjected A.D.M. to coercive questioning when the trial court asked leading questions regarding whether A.D.M. wanted her last name to be changed. There were no objections to the questions asked by the trial court. Thus, Appellant's complaint has not been preserved for review. *See* TEX. R. APP. P. 33.1. We overrule Appellant's second point of error.

In his third point of error, Appellant asserts that Appellees failed to produce any evidence that they were married. He also expresses concerns about the "honesty" of A.D.M.'s mother and the lack of evidence of the adoptive father's citizenship. First, we note that A.D.M.'s mother testified that she was married to R.S., the adoptive father. Second, the veracity of A.D.M.'s mother was a question for the trial court, not this court. The trier of fact is the sole judge of the credibility of the witnesses at trial, and we are not at liberty to disturb the determinations of the trier of fact as long as those determinations are not unreasonable. *In re J.P.B.*, 180

3

S.W.3d 570, 573 (Tex. 2005). And, finally, Appellant cited no authority in support of his contention related to the citizenship status of the adoptive father, *see* TEX. R. APP. P. 38.1(i), and we have found none. We overrule Appellant's third point of error.

In his fourth point of error, Appellant complains of the use of A.D.M.'s full name during the final hearing. He also complains, in very general terms, of the violation of his constitutional rights and, again, cites no authority for his contentions. *See* TEX. R. APP. P. 38.1(i). Based upon a motion filed in this court by Appellant, in which he sought to strike the child's name from the appellate record, we believe that Appellant has misconstrued Rule 9.8 of the Texas Rules of Appellate Procedure, which prohibits the use of a child's name "in all papers" (except for the docketing statement) that are submitted to the court in a parental termination appeal. *See* TEX. R. APP. P. 9.8(b)(1). Rule 9.8(d) specifically provides that the requirements of the portion of the rule relied upon by Appellant do not apply to the appellate record: "Nothing in this rule permits alteration of the original appellate record except as specifically authorized by court order." TEX. R. APP. P. 9.8(d). We have found no authority to support the contentions made by Appellant in his fourth point of error; accordingly, we overrule his fourth point of error.

In his fifth point of error, Appellant asserts that the trial court entertained misleading legal arguments about Appellant voluntarily leaving A.D.M. alone and, again, raises a double jeopardy complaint. Because the trial court did not enter a finding that Appellant had voluntarily left the child alone, as alleged by Appellees in their petition, *see* FAM. § 161.001(b)(1)(C), Appellant's fifth point of error, insofar as it relates to him voluntarily leaving A.D.M. alone, is not dispositive of this appeal. *See* TEX. R. APP. P. 47.1. Furthermore, we have already overruled Appellant's contention regarding double jeopardy. We overrule Appellant's fifth point of error.

In his sixth point of error, Appellant argues that he did not voluntarily waive his right to be present at the hearing. He asserts that, because he was incarcerated, he could not have appeared at the hearing unless the trial court had issued a bench warrant.

While it is true that litigants cannot be denied access to the courts simply because they are inmates, inmates do not have an absolute right to appear in person at every court proceeding. *Z.L.T.*, 124 S.W.3d at 165. A court may allow an inmate to appear by telephone, affidavit, or other effective means. *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding). However, a trial court does not have a duty to independently inquire into the necessity of an inmate's appearance. *See Z.L.T.*, 124 S.W.3d at 166. In addition, a party's due process rights are safeguarded when he is provided notice and an opportunity to be heard. *Chandler v. Hendrick Mem'l Hosp., Inc.*, 317 S.W.2d 248, 250–52 (Tex. Civ. App.—Eastland 1958, writ ref'd n.r.e.). The record reflects that Appellant was duly notified of the hearing, that he did not request the trial court to issue a bench warrant, and that he did not notify the trial court that he wished to appear telephonically or by some other means. Consequently, the record before us does not support Appellant's contention. We overrule Appellant's sixth point of error.

In his seventh point of error, Appellant asserts that a fundamental conflict of interest exists in this case because the court reporter is married to Appellees' attorney. There is nothing in the record to support Appellant's contention that a fundamental conflict of interest exists based upon any relationship that the court reporter may have with Appellees' attorney.

Appellant also asserts in his seventh point that the appellate record "is missing essential note[s] and notations." Appellant similarly complains in his eighth point of error that the reporter's record "is incomplete" and that Appellant has not been provided with the trial court's off-the-record notes. The reporter's record from the

hearing reflects that the trial court twice stated: "Let's go off the record." A discussion off the record then ensued. A third off-the-record discussion took place during the adoptive father's testimony about the spelling of his name. There were no objections to any of the off-the-record discussions. Thus, Appellant has not preserved for review any complaint regarding those discussions. *See* TEX. R. APP. P. 33.1. Additionally, an off-the-record discussion should not appear "in" the record. And Appellant has cited no authority that would indicate otherwise. *See* TEX. R. APP. P. 38.1(i). We overrule Appellant's seventh and eighth points of error.

We affirm the order of the trial court.

JIM R. WRIGHT

SENIOR CHIEF JUSTICE

October 10, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.