The Honorable Paul Johnson Denton County Criminal District Attorney 1450 East McKinney, Suite 3100 Post Office Box 2850 Denton, Texas 76202
Re: Authority of a commissioners court to regulate traffic on roads located in an unincorporated area of the county but within the boundaries of a fresh water supply district (RQ-0876-GA)
Dear Mr. Johnson:
You ask if the Denton County Commissioners Court (the "Commissioners Court"), or alternatively a fresh water supply district, "has statutory authority to adopt traffic regulations to regulate traffic on non-county maintained public roads in subdivisions located within [the] Fresh Water Supply District in an unincorporated area of Denton County" (the "County").[1]
I. County Authority
You ask about the County's authority under specific provisions of chapters 251 and 542 of the Transportation Code. See Request Letter at 3 — 4. Given your particular definition of the phrase "regulate traffic,"[2] your question relates specifically to sections 251.016,251.151,251.154,251.155, 251.156, and 542.007 of the Transportation Code.[3] We limit our analysis accordingly. See Tex. Att'y Gen. Op. No. GA-0774 (2010) at 1 (limiting analysis to issues discussed in the opinion request letter).
Section 251.016 provides that "[t]he commissioners court of a county may exercise general control over all roads, highways, and bridges in the county." TEX. TRANSP. CODE ANN. § 251.016 *Page 2 
(West Supp. 2010). A county commissioners court may exercise only those powers expressly granted by the Texas Constitution or the Legislature together with such implied powers as are necessary to accomplish the powers expressly conferred. TEX. CONST, art. V, § 18(b); City of SanAntonio v. City of Boerne, 111 S.W.3d 22, 28 (Tex. 2003). Section 251.016 does not expressly confer on a county the authority to regulate traffic.See TEX. TRANSP. CODE ANN. § 251.016 (West Supp. 2010). Nor do we think it likely that a court would conclude that section 251.016 impliedly authorizes the County to regulate traffic in this instance. First, when the Legislature intends that a county regulate traffic, it has provided for that authority expressly. See, e.g., id. §§ 251.151-. 161 (West 1999 Supp. 2010) (Transportation Code chapter 251, subchapter E, entitled "County Traffic Regulations"); cf. also Tex. Att'y Gen. Op. No. GA-0601
(2008) at 5 (finding no basis for implying county authority to pay for a water district's expenses because when the Legislature intends that a political subdivision contribute funds to a water district it generally provides for the contribution expressly). Second, if section 251.016 in and of itself authorizes a commissioners court to regulate traffic on all roads that the county is not otherwise prohibited from regulating, other express provisions authorizing a county to regulate traffic[4] are arguably unnecessary, and we assume the Legislature does not enact meaningless statutes. See Webb Cnty. Appraisal Dist. v. New LaredoHotel, Inc., 792 S.W.2d 952,954 (Tex. 1990) (assuming the Legislature does not enact meaningless statutes).
Moreover, this conclusion appears consistent with the reasoning used by the Texas Supreme Court in City of San Antonio. See City of San Antonio,111 S.W.3d at 28-30. In that case the court construed section 81.028 of the Local Government Code, the statutory predecessor of section 251.016.See id. at 29. There, the City of Boerne argued that section 81.028 of the Local Government Code gave "commissioners courts broad power over `all things involving, relating to or applicable to [public] roads'" such that a county could petition to include a county road within a municipality's extraterritorial jurisdiction. Id. at 26-29. The court rejected this argument, explaining that this general grant of authority did not exempt the county from restrictions on county authority elsewhere in the Local Government Code. Id. at 29-30. The supreme court cautioned against an expansive reading of statutes granting broad county authority because a commissioners court's power is limited to that which is expressly delegated to it by the Texas Constitution or Legislature, or necessarily implied, to perform its duties. Id. at 29 ("Because a commissioners court's power is limited to that which is expressly delegated to it by the Texas Constitution or Legislature, or necessarily implied to perform its duties, we will not read the Legislature's grant of general control to be more expansive than the type of powers set forth in section 81.028[, the statutory predecessor to section 251.016].").
On the other hand, the court held in City of San Antonio that a commissioners court's authority under section 81.028 is limited to matters relating to public travel and "[a] commissioners court's actions are . . . sanctioned under section 81.028 only if related to its duty to protect the public's interest in transportation." Id. at 29-30. Thus, to the extent that the power to regulate *Page 3 
traffic is necessary for a county to carry out that function, a court could conclude that such power is encompassed within section 251.016.
We next consider sections 251.151, 251.154, 251.155, and 251.156, which are located in chapter 251, subchapter E, entitled "County Traffic Regulations." See TEX. TRANSP. CODE ANN. §§ 251.151 — .161 (West 1999 
Supp. 2010). All four of these sections, by their express terms, authorize a county to regulate traffic only on a county road or realproperty owned by the county.[5] Id. §§ 251.151, 251.154-. 156. Previous attorney general opinions have explained that a "county road . . . is a public road that the commissioners court has accepted into the county's system of roads." Tex. Att'y Gen. Op. No. GA-0659 (2008) at 2. "Once a public road has been established as a county road, the county has a general duty to maintain it." Id. at 3 (citing to section 251.051(c) of the Texas Transportation Code).
You tell us that the roads at issue have neither been accepted nor maintained by the County. Request Letter at 2. We assume that none of the roads at issue constitute real property owned by the County, and you do not indicate otherwise. Thus, sections 251.151,251.154,251.155, and 251.156 do not authorize the Commissioners Court to regulate traffic on the roads at issue. Cf. Tex. Att'y Gen. LO-95-064, at 2 (concluding that a county could not regulate and enforce speed limits on roads in a subdivision that had been dedicated to the public but not accepted by the county).
Finally, we consider section 542.007. This section is entitled `Traffic Regulations: Private Subdivision in Certain Counties" and provides as follows:
 (a) This section applies only to a subdivision that is located in the unincorporated area of a county with a population of 5 00,000 or les s.
 (b). On petition of 25 percent of the property owners residing in a subdivision in which the roads are privately maintained or on the request of the governing body of the entity that maintains those roads, the commissioners court of the county by order may extend any traffic rules that apply to a county road to the roads of the subdivision if the commissioners court finds the order in the interest of the county generally. . . .
 (c) As a condition of extending a traffic rule under Subsection (b), the commissioners court may require that owners of the property in *Page 4 
the subdivision pay all or part of the cost of extending and enforcing the traffic rules in the subdivision. . . .
 (d) On issuance of an order under this section, the private roads in the subdivision are considered to be county roads for purposes of the application and enforcement of the specified traffic rules. The commissioners court may place official traffic control devices on property abutting the private roads [under certain circumstances].
TEX. TRANSP. CODE ANN. § 542.007 (West Supp. 2010).
You are specifically concerned about the meaning of the term "private subdivision" and whether section 542.007 could apply in the County. See
Request Letter at 4. The term "private subdivision" is found only in the title of section 542.007. TEX. TRANSP. CODE ANN. § 542.007 (West Supp. 2010). Language in the body of section 542.007 clarifies that the section applies to a subdivision that has "private roads." Id. § 542.007(d). The phrase "private road" is defined, for purposes of subtitle C of the Transportation Code, which includes chapter 542, as "a privately owned way or place used for vehicular travel and used only by the owner and persons who have the owner's express or implied permission." Id. § 541.302(9) (West 1999). Thus, the phrase "private subdivision" as used in section 542.007 refers to a subdivision that, among other things, [6]
has private roads. See TEX. GOV'T. CODE ANN. § 311.01 l(a)-(b) (West 2005) ("[w]ords and phrases shall be read in context" and words that have a particular meaning because of legislative definition shall be construed accordingly).
You tell us that the roads at issue are public roads. See, e.g., Request Letter at 1 (asking if the County can adopt traffic regulations on "non-county maintained public roads"). Consequently, because the subdivision at issue does not have private roads, we conclude that it is not a private subdivision under section 542.007. Having determined that section 542.007 is not applicable to the subdivision in your scenario, we find it unnecessary to consider whether section 542.007 applies to the County. See Request Letter at 4 (prefacing question about whether the County can utilize section 542.007 until the next federal decennial census on a determination that the subdivision at issue is a "private subdivision").
II. District Authority
As to a fresh water supply district, you ask if a district is "included within the definition of a `local authority' or `other local entity,' such that [a district] has the lawful authority to adopt traffic regulations on a non-county maintained public road located in a subdivision within" the district. *Page 5 
Request Letter at 5. The terms "local authority" and "other local entity" arise out of subtitle C of the Transportation Code. Section 541.002(3) defines "local authority" to mean "a county, municipality, or other local entity authorized to enact traffic laws under the laws ofthis state" TEX. TRANSP. CODE ANN. § 541.002(3) (West 1999) (emphasis added). Therefore, you want to know whether a fresh water supply district is a local entity authorized to enact traffic laws to the extent those traffic laws "regulate traffic," as you have defined the phrase. Seesupra note 2 (setting out your definition of the phrase "regulate traffic").[7]
A district is limited by the terms of applicable statutes authorizing its creation and can exercise no authority that the Legislature has not clearly granted. See Quincy Lee Co. v. Lodal Bain Eng'rs, Inc.,602 S.W.2d 262, 264 (Tex. 1980); Tri-City Fresh Water Supply Dist. No. 2v. Mann, 142 S.W.2d 945, 948 (Tex. 1940). Fresh water supply districts are governed by chapters 49 and 53 of the Water Code. See TEX. WATER CODE ANN. §§ 49.001(a)(1) (West 2008) (defining "district" to include a district created under section 59, article XVI of the Texas Constitution); 49.002 (providing that chapter 49 applies to all general and special law districts to the extent it is not in conflict with any other chapter of the Water Code); 53.001 (West 2002) (defining a fresh water supply district as a district established under chapter 53); 53.088 (West 2002) (providing that a district is "a defined district within the meaning of Article XVI, Section 59, of the Texas Constitution"). Having examined chapters 49 and 53, we find no provision that clearly grants a district the authority to regulate traffic. We, therefore, answer your second question in the negative. *Page 6 
 SUMMARY The Denton County Commissioners Court likely has no authority under Transportation Code section 251.016 to post speed limits, provide restricted traffic areas for school zones, install traffic control devices, and impose parking restrictions on non-county maintained public roads in subdivisions located within a fresh water supply district in an unincorporated area of Denton County. A court could, however, conclude otherwise.
 The Denton County Commissioners Court has no authority under Transportation Code sections 251.151, 251.154, 251.155, 251.156, and 542.007 to post speed limits, provide restricted traffic areas for school zones, install traffic control devices, and impose parking restrictions on non-county maintained public roads in subdivisions located within a fresh water supply district in an unincorporated area of Denton County.
 A fresh water supply district has no authority under Water Code chapters 49 and 53 to post speed limits, provide restricted traffic areas for school zones, install traffic control devices, and impose parking restrictions on non-county maintained public roads in subdivisions located within the district in an unincorporated area of Denton County.
 DANIEL T. HODGE First Assistant Attorney General
 DAVID J. SCHENCK Deputy Attorney General for Legal Counsel
 NANCY S. FULLER Chair, Opinion Committee
 William A. Hill Assistant Attorney General, Opinion Committee
[1] Request Letter at 1 (available at
http://www.texasattorneygeneral.gov).
[2] You tell us that when you use the phrase "regulate traffic" you mean "formal action by the. . . Commissioners Court to lower posted speed limits, provide restricted traffic areas for school zones, install stop signs and other approved traffic control devices, and impose parking restrictions." Id. at 1. We use the phrase "regulate traffic" throughout this opinion in the same manner.
[3] Although your request cites to other statutory provisions, such as section 251.153, they are not the type of traffic regulation to which your question relates. See supra note 2; TEX. TRANSP. CODE ANN. § 251.153
(West Supp. 2010) (relating to load limits on county roads and bridges).
[4] See, e.g., TEX. TRANSP. CODE ANN. §§ 251.151-.161 (West 1999 
Supp. 2010) (entitled "County Traffic Regulations").
[5] Transportation Code section 251.151 authorizes a commissioners court to "regulate traffic on a county road or on real property owned bythe county that is under the jurisdiction of the commissioners court." TEX. TRANSP. CODE ANN. § 251.151 (West 1999) (emphasis added). Section 251.154 authorizes a commissioners court to "set a maximum reasonable and prudent speed for a vehicle traveling on any segment of a county road."Id. § 251.154(a) (emphasis added). Section 251.155 authorizes a commissioners court to establish a system of traffic control devices "on property described by Section 251.151." Id. § 251.155(a). Section 251.156 authorizes a commissioners court to install certain signs related to stopping, standing, or parking a vehicle "on property described by Section 251.151." Id. § 251.156(a).
[6] For instance, a private subdivision under section 542.007 is also a subdivision that is located in an unincorporated area of a county. See
TEX. TRANSP. CODE ANN. § 542.007(a) (West Supp. 2010). And the roads must, at least in a situation where the property owners petition the commissioners court to extend traffic rules, be privately maintained. Seeid. § 542.007(b).
[7] Your question is general in nature in that it does not ask about any particular fresh water supply district or its special enabling legislation. Thus, we answer your question generally with reference only to the general laws applicable to such a district. Moreover, we assume for the purposes of this opinion that the district is not also a road district. See TEX. WATER CODE ANN. § 53.029(c) (West Supp. 2010) (providing that certain fresh water supply districts may, by election, also assume the authority of a road district). *Page 1