QUINCY LEE COMPANY
et al., Petitioners,

v.

LODAL & BAIN ENGINEERS,
INC., Respondent.

No. B–8710.

Supreme Court of Texas.

June 18, 1980.

Rehearing Denied July 16, 1980.

Sears & Burns, Robert L. Burns and C. Charles Dippel, Houston, for petitioners.

W. W. Fowlkes, San Antonio, for respondent.

STEAKLEY, Justice.

The issue in this suit is whether an engineer is entitled to a statutory mechanics' lien on the property of a developer by virtue of a contract with a public utility district. Lodal & Bain Engineers, Inc., sued Bayfield Public Utility District, the Quincy Lee Company, Royal Crest Inc., and Texas Central Mortgage Company to recover fees for engineering services and to foreclose equitable, statutory mechanics' and constitutional mechanics' liens on land owned by the Quincy Lee Company, Royal Crest Inc., and Texas Central Mortgage Company, the developers. Lodal & Bain Engineers, Inc.'s suit is based on a contract with the Bayfield Public Utility District. Bayfield Public Utility District's boundaries encompass the land in question but the District is not a fee owner of any of this land.

Quincy Lee Company, Royal Crest Inc., and Texas Central Mortgage Company filed a motion for summary judgment regarding the claim for equitable, statutory and constitutional liens. Texas Central Mortgage Company filed a motion to sever the claim for the lien from the claim for the debt.

The trial court granted the motions for summary judgment and severance. Lodal & Bain Engineers, Inc. appealed the severed judgment; Bayfield Public Utility was not a party to the appeal. The Court of Civil Appeals held that the severance was proper and that Lodal & Bain Engineers, Inc. is not entitled to equitable or constitutional mechanics' liens; however, the Court of Civil Appeals reversed and remanded to the trial court for a determination of fact issues regarding the existence of a statutory mechanics' lien against land owned by Quincy Lee Company, Royal Crest Inc., and Texas Central Mortgage Company. 583 S.W.2d 653. Quincy Lee Company, Royal Crest Inc., and Texas Central Mortgage Company are our Petitioners.

Quincy Lee Company employed Lodal & Bain Engineers, Inc. (Bain) to study a tract of land in Harris County and to determine the feasibility of developing this land which was then owned by Friendswood Development Company. Quincy Lee and Bain did feasibility studies and contacted a law firm to form a public utility district. In 1971, the Bayfield Public Utility District was created by the Legislature. Tex.Rev.Civ.Stat. Ann. art. 8280–532; 1971 Tex.Gen.Laws, ch. 641 at 2084. Later in 1971, Quincy Lee Company purchased the land from Friendswood. Bain thereafter entered into a contract with Bayfield Public Utility District to provide engineering services. Still later, Royal Crest and Texas Central Mortgage Company purchased the land from Quincy Lee.

In his petition Bain alleges, "For cause of action, this Plaintiff would show that heretofore it was employed by the Quincy Lee Company and by Royal Crest Inc. to prepare the plans and specifications and perform the general engineering services for the Bayfield Public Utility District; all as set forth in the attached agreement for engineering services . . . ." The agreement referred to in Bain's petition is a contract for engineering services between Bain and the Bayfield Public Utility District; Quincy Lee Company, Royal Crest Inc. and Texas Central Mortgage were not parties to this contract.

The statutory mechanics' lien is prescribed by Article 5452 which states in part,

Any person or firm, lumber dealer or corporation, artisan, laborer, mechanic or subcontractor who may labor, specially fabricate material, or furnish labor or material: (1) for the construction or repair of any house, building or improvement whatever; (b) for the construction or repair of levees or embankments to be erected for the reclamation of overflow lands along any river or creek; (c) or for the construction or repair of any railroad; within this state by virtue of a contract with the owner, owners, or his or their agent, trustee, receiver, contractor, contractors, or with any subcontractor . . . shall have a lien . . . . .

Article 5452 requires the labor or material be furnished by virtue of a contract with the owner or his agent. *See Kelly v. Heimer,* 312 S.W.2d 430 (Tex.Civ.App.1958, writ ref'd n.r.e.); *Bledsoe v. Colbert,* 120 S.W.2d 909 (Tex.Civ.App.1938, no writ).

In the petition Lodal & Bain Engineers, Inc., set forth the contract with the Bayfield Public Utility District as grounds for a lien against the property of Quincy Lee Company, Royal Crest Inc., and Texas Central Mortgage. Bain does not dispute the developers' claim that the District is not an owner, but instead argues that the District acted as agent for the developers, who were owners, when it executed this contract. We disagree.

Bayfield Public Utility District was created by the 1971 Legislature under authority of Article XVI § 59 of the Texas Constitution.[1] *See* Article 8280–532. The enabling

---

1. Sec. 59. (a) The conservation and development of all of the natural resources of this State, including the control, storing, preservation and distribution of its storm and flood waters, the waters of its rivers and streams, for irrigation, power and all other useful purposes, the reclamation and irrigation of its arid, semi-arid and other lands needing irrigation, the reclamation and drainage of its overflowed lands, and other lands needing drainage, the conservation and development of its forest, water and hydro-electric power, the navigation of its in-

statute provides that the Bayfield Public Utility District is a governmental agency and a body politic and corporate, Art. 8280–532 § 1. *See Bexar-Medina-Atascosa W. I. Dist. No. 1 v. State*, 21 S.W.2d 747 (Tex.Civ. App.1921, writ ref'd). The District can exercise no authority that has not been clearly granted by the Legislature. *Tri-City Fresh Water Supply Dist. No. 2 of Harris County v. Mann*, 135 Tex. 280, 142 S.W.2d 945 (1940). Section 5 of Article 8280–532 provides that the District is "vested with and shall have and exercise, all of the rights, powers, privileges, authority and functions conferred by the general laws of this state applicable to municipal utility districts, including without limitation those conferred by Chapter 54, Title 4, Water Code . . ." There is nothing in Chapter 54 of the Water Code and we have been cited no other provision that authorizes the Bayfield Public Utility District to act as an agent for the developer.

■ Furthermore, a construction contract with Bayfield in no event will give rise to a lien. Chapter 54 of the Water Code describes the powers and duties of municipal utility districts such as Bayfield. Section 54.218 of the Water Code provides,

(a) A district may contract with a person for the joint ownership and operation of any works, improvements, facilities, plants, equipment, and appliances necessary to accomplish any purpose or function permitted by a district, or a district may purchase an interest in any project used for any purpose or function permitted by a district.

land and coastal waters, and the preservation and conservation of all such natural resources of the State are each and all hereby declared public rights and duties; and the Legislature shall pass all such laws as may be appropriate thereto.

2. Article 5160 states in part,
    A. Any person or persons, firm, or corporation, hereinafter referred to as "prime contractor," entering into a formal contract in excess of $25,000 with this State, any department, board or agency thereof; or any county of this State, department, board or agency thereof, or any municipality of this State, department, board or agency thereof; or any

(b) A district may enter into contracts with any person in the performance of any purpose or function permitted by a district.

*Id.* If such contract is a construction contract, § 54.226 provides, "Any person, firm, partnership, or corporation to whom a contract is let must give good and sufficient performance and payment bonds in accordance with Article 5160, Revised Civil Statutes of Texas, 1925, as amended." Section 54.226 contemplates that contractors are not entitled to mechanics' liens of Article 5452 but must rely on the provisions of Article 5160.[2] By requiring payment and performance bonds, Article 5160 carries out a public policy that liens are not permitted on public improvements. *See Atascosa Co. v. Angus*, 83 Tex. 202, 18 S.W. 563 (1892). Chapter 54 of the Water Code continues the public policy by providing that construction contracts must comply with Article 5160. Consequently, persons contracting with the Bayfield Public Utility District must rely on Article 5160 for protection and are not entitled to a lien; however, the Water Code does provide a contractor relief for a debt due from a municipal water district. Section 54.119 provides that the district may sue and be sued in any courts of Texas and § 54.121 provides that any "court in this state rendering judgment for debt against a district may order the board to levy, assess, and collect taxes or assessments to pay the judgment." Consequently, under the Water Code, the relief afforded a contractor is a recovery on payment and performance bonds or a suit against the district for the debt.

school district in this State, common or independent, or subdivision thereof; or any other governmental or quasi-governmental authority whether specifically named herein or not, authorized under any law of this State, general or local, to enter into contractual agreements for the construction, alteration or repair of any public building or the prosecution or completion of any public work, shall be required before commencing such work to execute to the aforementioned governmental authority or authorities, as the case may be, the statutory bonds as hereinafter prescribed.
. . . .

We reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.