SWISS AVENUE BANK, Appellant,

v.

Gene R. SLIVKA, Appellee.

No. 05-85-01354-CV.

Court of Appeals of Texas,
Dallas.

Dec. 23, 1986.

Rehearing Denied Feb. 3, 1987.

R. Michael Farquhar, Dallas, for appellant.

John Paul Kelly, Dallas, for appellee.

Before AKIN, SCALES and CARVER [1], JJ.

SCALES, Justice.

Swiss Avenue Bank appeals from a judgment awarding Gene R. Slivka recovery of attorney's fees that Slivka paid under pro-

---

[1] The Honorable Spencer Carver, Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

test to the Bank pursuant to the provisions of two notes and deeds of trust. The Bank contends that it is entitled to collect from Slivka the attorney's fees incurred by the Bank in a prior action. We agree. Accordingly, we reverse the judgment of the trial court.

In 1978, Slivka executed and delivered to the Bank promissory notes and deeds of trust in connection with Slivka's purchase of two tracts of land. Slivka subsequently defaulted in payment under the notes and on December 14, 1982, the Bank notified Slivka that it was accelerating maturity of the entire amount of principal and interest due. In January 10, 1983, the trustee under the deeds of trust posted notice of foreclosure sales of the two tracts of land.

Slivka filed suit to enjoin the foreclosure sales. The Bank answered by general and special denials and prayed for recovery of attorney's fees incurred in defending the suit.[2] The Bank based its claim for attorney's fees on a provision of the notes which provided:

> [In the event default is made in the prompt payment of this note when due or declared due, and the same is placed in the hands of an attorney for collection, or suit is brought on same, or the same is collected through any judicial proceedings whatever, then the makers hereof agree and promise to pay ten per centum (10%) additional on the amount of the principal and interest then owing as attorney's fees.

*Slivka v. Swiss Avenue Bank,* 653 S.W.2d 939, 943 (Tex.App.—Dallas 1983, no writ) (Slivka I).[3] The trial court denied the injunction and awarded $11,735.77 in attorney's fees to the Bank. On appeal, this court affirmed the denial of the injunction but reversed the award of attorney's fees,

on the ground that, although Slivka's action to enjoin foreclosure of the properties constituted a "judicial proceeding" as contemplated by the notes, the Bank could not recover attorney's fees in that judicial proceeding "separate and apart from the amount due on the note." *Id.* at 943. (Emphasis omitted). We therefore held that "since, the Bank did not sue on the note and collect on the note," the condition for recovery of attorney's fees had not been met and the Bank was not entitled to recover attorney's fees in that action. *Id.* at 944. No appeal was taken from that decision.

The day after rendition of judgment on appeal, the Bank again notified Slivka that the Bank was accelerating the maturity of all principal and interest under the notes. The notice further demanded a sum equal to 10% of the principal and interest then owing as attorney's fees. In order to avoid foreclosure of the properties, Slivka paid the balance of principal and interest plus $12,430.83 [4] attorney's fees as prescribed by the 10% provision of the notes. These attorney's fees were paid under protest.

Slivka then filed this suit to recover the attorney's fees, alleging that $12,430.83 was an unreasonable charge for a notice and demand letter and that the unreasonable charge constituted a violation of the Texas Deceptive Trade Practice-Consumer Protection Act. Trial was held before the court. The court found that the $12,483.83 [5] charge was unreasonable and that $300 would be a reasonable attorney's fee for services rendered in collection of the notes. The court rendered judgment that Slivka recover from the Bank the attorney's fees paid under protest but awarded the Bank a reasonable attorney's fee of $300 for writing the demand letter.

---

**2.** In our original opinion, this court treated the paragraph seeking attorney's fees which was contained in the Bank's original answer as a counterclaim for attorney's fees. *Slivka v. Swiss Avenue Bank,* 653 S.W.2d 939, 943 (Tex. App.—Dallas 1983, no writ), although no actual counterclaim was filed.

**3.** In Slivka I, the Bank relied *solely* on the third condition as the basis for its claims for attorney's fees. *Slivka,* 653 S.W.2d at 943.

**4.** At the time the Bank made its second demand under the notes, the accrued interest raised the amount due as attorney's fees under the notes to $12,430.83.

**5.** There is no explanation in the record for the discrepancy between the sums alleged in Slivka's petition and those contained in the judgment.

In its sole point of error, the Bank contends that the trial court erred in rendering a judgment for Slivka returning the attorney's fees collected by the Bank for the work performed by the Bank's attorneys in the prior litigation. The Bank asserts that, because the notes and deeds of trust provide that Slivka will pay attorney's fees incurred in litigation concerning the notes, deeds of trust, noteholders, or trustees, it is entitled to recover from Slivka those attorney's fees incurred by the Bank in defending the prior injunction suit. Since the uncontradicted evidence shows that $12,430.83 was a reasonable fee for defending the former suit on an hourly basis without regard to the 10% provision, the Bank argues that the trial court erred in not finding such fee to be a reasonable attorney's fee for collection of the notes and in not entering a take-nothing judgment against Slivka. Slivka, however, argues that the question of whether the Bank is entitled to recover attorney's fees in defending the prior action was determined adversely to the Bank in Slivka I and, therefore, res judicata bars any attempt to re-litigate the Bank's entitlement to recover attorney's fees for defending the injunction proceeding.

We first must decide whether our holding in Slivka I that the condition for recovery of attorney's fees under the notes had not been met in the absence of a suit on the notes is res judicata of a claim for attorney's fees in a subsequent collection action taken under the notes.[6] As a general rule a judgment on the merits in a suit on one cause of action is not conclusive of a subsequent suit on a different cause of action except as to issues of fact actually litigated and determined in the first suit. *Griffin v. Holiday Inns of America*, 496 S.W.2d 535, 538 (Tex.1973). Here, the Bank's right to recover attorney's fees under the notes and deeds of trust was not actually litigated and determined in Slivka I. Instead, the only question regarding attorney's fees which was actually litigated in Slivka I was whether, by defending the injunction proceeding, the Bank satisfied the condition of the notes which required that the notes be collected through a judicial proceeding in order to recover attorney's fees. We held in Slivka I that the condition had not been met in the absence of a claim on the notes.

■■■ There is, of course, at least one exception to the general rule stated above. *See Griffin*, 496 S.W.2d at 538. That exception provides that res judicata bars litigation of all issues connected with a cause of action which, with the use of diligence, might have been tried, as well as those which were actually tried. *Ogletree v. Crates*, 363 S.W.2d 431, 435 (Tex.1963). The *Ogletree* rule, however, applies only to the cause of action which was actually filed by the plaintiff and not to cross-actions which might have been filed by a defendant unless the compulsory counterclaim rule is applicable. *Chandler v. Cashway Building Materials, Inc.*, 584 S.W.2d 950, 954 (Tex.Civ.App.—El Paso 1979, no writ). *See* TEX.R.CIV.P. 97. A claim for the balance due under a note secured by a deed of trust is not a compulsory counterclaim to a proceeding to enjoin foreclosure of the deed of trust securing the debt. *Cf. Carter v. Gray*, 125 Tex. 219, 81 S.W.2d 647, 648 (Comm'n App.1935) ("the right to recover a personal judgment for a debt secured by a lien on land and the right to have foreclosure of [the] lien are severable, and a plaintiff may elect to seek a personal judgment without foreclosing the lien, and even without a waiver of the lien"); *Lazidis v. Goidl*, 564 S.W.2d 453, 456 (Tex.Civ.App.—Dallas 1978, no writ) ("a holder of a secured note may sue ... on the note without resorting to the security.... a holder of a secured note may proceed against the security and then, if a deficiency exists, seek payment from the maker"); *Lodal & Bain*

---

6. Although the present case is before us as an action brought by Slivka under the Texas Deceptive Trade Practices Act, it may properly be characterized as arising from an action to collect under the note. On the day after our opinion in Slivka I was handed down, the Bank again sent notice that the notes has been placed with an attorney for collection and demanded payment of the notes, together with 10% of the balance due as attorney's fees. Thus, the condition of the notes that if the note "is placed in the hands of an attorney for collection" 10% of the principal and interest due on the note shall be recoverable as attorney's fees has been met.

*Engineers, Inc. v. Bayfield Public Utility District*, 583 S.W.2d 653, 654–55 (Tex.Civ. App.—Houston [1st Dist.] 1979), *rev'd on other grounds*, 602 S.W.2d 262 (Tex.1980) ("a personal judgment on a debt and the right to foreclose a lien are severable and may be made the subject of two distinct causes of action"). Thus, because the Bank was not required to assert a claim for the balance due on the notes as a compulsory counterclaim in Slivka's proceeding to enjoin foreclosure of the liens, the *Ogletree* rule that res judicata bars litigation of all issues connected with a cause of action which, with diligence, might have been tried is inapplicable.

Moreover, the question before us was expressly reserved by this court in Slivka I. In that opinion, we stated:

> We do not reach the question of whether the Bank may recover attorney's fees in any other action or by virtue of the terms and provisions of the deeds of trust and this opinion is not to be read as holding that the Bank may not hereafter recover attorney's fees as provided for in the notes and deeds of trust.

*Slivka,* 653 S.W.2d at 944. Res judicata will not operate to bar an action where, in the first action, the court expressly refused to decide the issue or expressly reserved the right to maintain the second action. *See Chandler v. Prichard,* 321 S.W.2d 891, 894 (Tex.Civ.App.—Eastland 1958, writ ref'd n.r.e.) ("the court in its judgment expressly provided that it was not passing upon [appellee's] claim; therefore, the [previous] judgment could not have been res judicata"); *see also* RESTATEMENT (SECOND) OF JUDGMENTS § 26(b) 1982. *Accord, Equitable Fire & Marine Insurance Co. v. Bradford Builders, Inc.,* 174 So.2d 44, 45 (Fla.Dist.Ct.App.1965) ("to support a defense of res judicata, it must be clear that the court in the previous action intended that the disposition there was to be without right to further proceedings"); *Powell Brothers Truck Lines, Inc. v. State,* 177 Okl. 568, 61 P.2d 231, 233 (1936) ("a judgment or decree which expressly excepts or reserves specified rights or claims ... or the right to take further proceedings in respect to certain matters, is

not a bar to a subsequent action so reserved; but, on the contrary, the reservation itself becomes res adjudicata and prevents the raising of any question as to the right to bring or maintain such subsequent suit.").

Accordingly, we hold that res judicata does not bar the Bank's right to recover the attorney's fees incurred in defending the prior injunction proceeding. We next address the question of whether the Bank is entitled to recover in this action the attorney's fees incurred in the previous action.

■ In *RepublicBank Dallas, N.A. v. Shook,* 653 S.W.2d 278 (Tex.1983), Shook sued RepublicBank, contending that the interest rate charged by RepublicBank on notes entered into between the parties was usurious. RepublicBank counterclaimed for the amount of principal and interest due under the notes. After holding that the interest rate charged by RepublicBank was not usurious, the Texas supreme court rejected Shook's claim that to permit RepublicBank to recover ten percent of the principal and interest due under the notes as attorney's fees would be unreasonable, since "Shook presented evidence that the Bank had spent only a few hours on the cause of action for collection of the note." *Shook,* 653 S.W.2d at 282. The court stated:

> The Bank insists, and we agree, that a part of its suit for collection on the note involved its overcoming Shook's claims. These claims to the note included pleas of usury, duress, and lack of good faith. The court of appeals held that the time and effort devoted to these claims should be disregarded, thereby making the amount of attorney fees as awarded by the trial court unreasonable. It is our opinion, however, that the Bank had to overcome Shook's claims before it could recover.... The Bank was forced to defend against all of Shook's claims before it could recover the money outstanding on the notes. The Bank should recover the full contractual amount for attorney fees.

*Shook*, 653 S.W.2d at 282–83. The supreme court cited with approval this court's holding in *Williamson v. Tucker*, 615 S.W.2d 881 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.), in which we held that the plaintiff, who brought suit to recover the balance due on a note, was entitled to recover attorney's fees incurred in defending a separate suit in federal court to rescind the note. Although these favorable holdings were not available to the Bank in Slivka I, because in that proceeding the Bank was not attempting to collect on the notes, they are now available to the Bank because of its collection efforts taken under the notes. Accordingly, we hold that the Bank is now entitled to recover the attorney's fees incurred by it in defending the prior injunction proceeding.

We reverse the judgment of the trial court, render judgment that Slivka take nothing against the Bank, and render judgment that the Bank recover from Slivka the sum of $12,483.83.

AKIN, J., files a dissenting opinion.

AKIN, Justice, dissenting.

I cannot agree with the majority that a judgment denying attorney's fees sought under a note is not res judicata of a subsequent claim for the same attorney's fees under a deed of trust securing payment of the note. Neither can I agree that a court can rule on whether attorney's fees are recoverable in one suit and, *in that same suit,* reserve the very question decided with respect to those same attorney's fees. Instead, I would hold that the adverse ruling in the first suit would bar recovery in the second suit under the doctrine of res judicata. Thus, I would affirm. Accordingly, I must dissent.

Because the majority fails to correctly perceive, and to apply in this case, the doctrine of res judicata, a definitive statement of that doctrine is appropriate for a clearer understanding of both the majority opinion and this dissent. As the supreme court noted in *Griffin v. Holiday Inns,* 496 S.W.2d 535, 538 (Tex.1973): "Courts generally agree that a judgment is conclusive as to *all matters that were considered* or should have been considered in the suit. The problem is in determining how much of what could have been considered in the first suit, but was not, is merged in or barred by the judgment rendered." [Emphasis added]. Under the supreme court's definition of res judicata, the present action for the same attorney's fees incurred in defending against the injunction were considered by both the trial court and this court in *Slivka v. Swiss Avenue Bank,* 653 S.W.2d 939 (Tex.App.—Dallas 1983, no writ), and thus should be barred. Indeed, in that case, (*Slivka I*) a panel of this court reversed the trial judge's award to the bank of these same attorney's fees and rendered judgment that the bank take nothing because the bank had not sued on the notes.[1] Consequently, we do not reach the second prong of the doctrine of res judicata, which is "that which should have been considered in the suit," a question not easy of solution. Because the majority opinion is based on this second prong and ignores the first, it is wrong in refusing to apply res judicata to this suit.

Apparently, the majority misreads *Griffin* because that opinion characterizes the res judicata question as asking whether the condition for recovery of attorney's fees in the first case (*Slivka I*) had been met. In my view, that question is immaterial because, rightly or wrongly, this court in *Slivka I* denied recovery based upon the failure of the bank to sue to collect on the note. *See Segrest v. Segrest,* 649 S.W.2d 610, 612–13 (Tex.1983); *See also Trahan v. Trahan,* 626 S.W.2d 485, 487–88 (Tex.1981). Indeed, to this day, including this action, there has yet to be a suit by the bank to recover on the notes! Instead, the question with respect to whether res judicata applies to bar the second suit over the same res should be whether the second suit concerns the same subject matter, i.e., the very same attorney's fees denied the bank in *Slivka I.*

---

**1.** I doubt the correctness of the decision in Slivka I because other language in the notes with respect to attorneys' fees should have permitted the bank to recover its attorneys fees in that case.

*Foster v. Wells,* 4 Tex. 101 (1849); *Gilbert v. Fireside Enterprises, Inc.,* 611 S.W.2d 869, 871 (Tex.Civ.App.—Dallas, 1980, no writ).

The supreme court in *Griffin* has determined the res judicata question contrary to the bank's position in this suit. *See also Texas Water Rights Commission v. Crow Iron Works,* 582 S.W.2d 768, 771 (Tex. 1979). In *Griffin,* the supreme court quoted the following language from *Abbott Laboratories v. Gravis,* 470 S.W.2d 639 (Tex.1971): "Stated differently, a party cannot relitigate matters which he might have interposed, but failed to do so, in an action between the same parties or their privies in reference to the same *subject matters. Freeman v. McAninch,* 87 Tex. 132, 27 S.W. 97 (1894)." [Emphasis added]. *Griffin* at 537. The *Griffin* court in explaining what was meant by the term "subject matter" for the purposes of res judicata stated: "When the statement quoted above is read in context, it is clear that the term 'subject matter' refers to the claim or controversy at issue in the earlier suit and not to the transaction out of which the suit arose." Applying the law of res judicata as interpreted by the supreme court to this case, the subject matter in *Slivka I* was the propriety of awarding attorney's fees to the bank for defending against the injunction, which is precisely the same subject matter of this suit. The only difference is the theory advanced by the bank to recover those fees. As the supreme court in *Griffin* observed: "It is generally recognized that a judgment in a suit to recover damages on one theory is conclusive as to all theories of liability that might have been alleged ... with respect to the claim. See Restatement, Judgments, § 63, comment a; 2 Freeman, Law of Judgments, 5th ed. 1925, Sec. 682." *Id.* at 537. Thus, the fact that the bank asserted as a theory to recover its attorney's fees expended in defending against the injunction the language of the notes in *Slivka I* and has asserted in this case the language of the deeds of trust as a theory to recover the same attorney's fees is immaterial with respect to whether res judicata bars this action. Instead, the crucial inquiry is whether the second suit concerns the same subject matter as the first suit, which fact is undisputed in this case.

Neither can I agree that the Bank's right to recover attorney's fees in defending the injunction was expressly reserved by this Court in the appeal of the prior action. First, the holding in *Slivka I* did not expressly reserve decision on the Bank's right to attorney's fees incurred in that action but said merely:

> We do not reach the question of whether the Bank may recover attorney's fees *in any other action* or by virtue of the provisions of the deeds of trust and this opinion is not to be read as holding that the Bank may not *hereafter* recover attorney's fees as provided for in the notes and deeds of trust. [Emphasis added.]

653 S.W.2d at 944. A reasonable construction of this language is that it refers to the Bank's right to recover attorney's fees for legal action necessary to enforcement of its rights in the future, for which attorney's fees may be incurred after that decision. Indeed, this is what Slivka argued in the Court trial below, which the trial court accepted in awarding the Bank only those attorney's fees incurred after the judgment on appeal and in denying it those fees incurred in the prior action.

More importantly, this Court did not reserve *judgment* on those fees incurred in the prior case but rather decided that they were not recoverable. This Court held as follows:

> We reverse the judgment of the trial court insofar as it awards the amount of $11,735.77 for attorney's fees and *render judgment that the Bank take nothing* against Slivka.

653 S.W.2d at 944. A court may reserve decision on an issue or on the right to maintain a second action only by expressly reserving decision *in its judgment. Great Southern Life Insurance Co. v. Johnson,* 25 S.W.2d 1093, 1097 (Tex.Comm'n App. 1930 holding approved); *Hermann v. Allen,* 103 Tex. 382, 128 S.W. 115, 116 (1910); *Chandler v. Prichard,* 321 S.W.2d 891, 894 (Tex.Civ.App.—Eastland 1958, writ ref'd n.r.e.); *Railroad Commission v. Humble*

*Oil & Refining Co.,* 119 S.W.2d 728, 729 (Tex.Civ.App.—Austin 1938, writ ref'd); *Armstrong v. Anderson,* 70 S.W.2d 801, 803 (Tex.Civ.App.—El Paso 1934 *writ dism'd*). A court cannot both reserve judgment and render judgment. Consequently, the majority erred in imputing that effect to the judgment in *Slivka I.*

Accordingly, I would hold that the Bank is barred from asserting a claim for the attorney's fees incurred in the prior action because that claim is barred by the doctrine of res judicata.