**Affirmed and Opinion Filed May 31, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00905-CV**

**SJF FOREST LANE, LLC, A DELAWARE LIMITED LIABILITY COMPANY, AND HSB FOREST LANE, LLC, A DELAWARE LIMITED LIABILITY COMPANY, SUCCESSORS-IN-INTEREST TO FL ASSOCIATES, LLC, A DELAWARE LIMITED LIABILITY COMPANY,** Appellants/Cross-Appellees
**V.**
**TRINA PHAN, Appellee/Cross-Appellant**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-03613**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

In this appeal arising from a breach of lease, appellants complain the trial court erred in (1) granting appellee summary judgment on her affirmative defense of claim preclusion and awarding her attorney's fees as a prevailing party on appellants' claim of breach of lease; (2) denying appellants' motion for summary judgment on their claim for breach of lease, and (3) denying appellants' motion for summary judgment seeking attorney's fees for prevailing on appellee's voluntarily dismissed

claim for wrongful garnishment. Appellee cross-appeals the trial court's exclusion at trial of evidence of part of her claim for attorney's fees. We affirm the trial court's judgment.

## I. BACKGROUND

Appellants SJF Forest Lane, LLC, and HSB Forest Lane, LLC, leased space in a shopping center to appellee Trina Phan. The lease was signed in February 2010. It was amended to be in effect through January 2025.

In a previous lawsuit—filed August 6, 2020—appellants sued appellee for breach of the lease due to nonpayment of rent. Appellants alleged,

> Plaintiffs seeks judgment against Defendant for the sum of $23,903.00 through August, 2020, plus interest at 18% interest per annum as per Article 24.2 of the Lease, plus additional charges as they accrue until time of trial. This amount increases monthly by $6,195.00. *Plaintiffs reserve all rentals accruing after judgment in this case.*

(Emphasis added.) Appellants moved for summary judgment in that lawsuit, which the trial court granted. The trial court awarded appellants $48,683 damages "representing rental and other charges due and owing through December, 2020," attorney's fees, interest, and costs. The final judgment, signed January 26, 2021, recited, "This Judgment does not preclude Plaintiff from seeking additional damages as they accrue after December, 2020."

Appellants subsequently filed an application for a writ of garnishment to satisfy the final judgment in the previous case. The agreed final judgment of garnishment was signed February 24, 2021.

On March 22, 2021, appellants filed the lawsuit now before this Court. They sought $24,780 from appellee for unpaid rent earned since the previous judgment—for the period of January 2021 through April 2021. They also sought additional monthly damages of $6,195 per month "until time of trial" and attorney's fees. They alleged, "Plaintiffs reserve all rentals accruing after judgment in this case."

Appellee answered, alleging a general denial and affirmative defenses, including res judicata and collateral estoppel. Appellee counterclaimed for wrongful garnishment.

Appellants filed a motion for traditional summary judgment on their claim for breach of the lease, which they subsequently withdrew.

Appellants filed a first amended petition. In it, they continued to seek damages for breach of lease for unpaid rent and charges from January 1, 2021, through the time of trial below. They again alleged, "Plaintiffs reserve all rentals accruing after judgment in this case."

Appellee filed a traditional motion for summary judgment. In it, she asserted the affirmative defenses of res judicata and collateral estoppel.

The trial court held a hearing on appellee's traditional motion for summary judgment. The trial court granted appellee's motion. The trial court dismissed with prejudice all claims asserted by appellants against appellee. It held all appellants' claims were barred by res judicata. It awarded appellee attorney's fees as a prevailing party pursuant to terms of the lease but did not specify the amount of the award. The

summary judgment order stated, "Thus the only issue that remains with regard to Plaintiffs' claims and Defendant's corresponding claim for attorney fees/costs, is the amount of fees/costs awarded."

Subsequently, appellee filed a nonsuit of her counterclaim for wrongful garnishment without prejudice. The trial court ordered the claim dismissed without prejudice.

Appellants then filed their second amended petition. In it, appellants sought unpaid rent and charges from the time of the previous judgment, as before, but for the first time sought damages for unpaid rent and charges through the lease's expiration in January 2025. They did not allege, as before, that they reserved rentals accruing after judgment in the case. They sought attorney's fees based on their claim of breach of lease and on appellee's nonsuit of her claim for wrongful garnishment. Appellants also alleged these claims in their third amended petition.

Appellants filed a motion for partial summary judgment on their claim for attorney's fees. In it, they argued they were entitled to attorney's fees for prevailing on appellee's claim for wrongful garnishment.

The trial court entered an "order denying plaintiffs' claim for attorney fees and clarifying issues before the court at trial" on June 2, 2022. The trial court denied appellants' claim for attorney's fees and costs. It found the sole issue at trial to be the amount of appellee's reasonable and necessary attorney's fees, which the trial

court had generally awarded to appellee in the July 30, 2021 order granting appellee's motion for partial summary judgment.

During trial proceedings on June 2, 2022, the trial court sustained an objection to admission of two monthly invoices for appellee's attorney's fees and excluded them from evidence. The trial court orally rendered judgment and awarded appellee attorney's fees.

The trial court signed the final judgment June 17, 2022. It incorporated the order on appellee's motion for partial summary judgment and the subsequent clarification order. The trial court awarded appellee attorney's fees and expenses incurred through trial of $59,890.07. It also awarded appellee attorney's fees in the event of future successful trial-court and appellate-court proceedings, post-judgment interest, and contingent attorney's fees, costs, and expenses in the event of successful enforcement and collection of the judgment.

Appellants filed a notice of appeal, and appellee filed a notice of cross-appeal.

This appeal followed.

## II. CLAIM PRECLUSION, ISSUE PRECLUSION, AND APPELLANTS' CLAIM FOR ATTORNEY'S FEES UNDER THE LEASE

Appellants state their first issue on appeal as follows:

1. Whether the district court erred in granting Appellee Phan's Cross-Motion for Summary Judgment.

 a. The district court erred in holding Appellants' claims were barred by res judicata.

b. The district court erred in holding Appellants' claims were barred by collateral estoppel.

c. The district court erred in holding that Phan was the prevailing party and, thus, entitled to recover attorney's fees under the Lease.

We address each sub-point in turn.

## A. STANDARD OF REVIEW

We review de novo the trial court's ruling on a motion for summary judgment. *See Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 131 (Tex. 2019); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In conducting our review, "we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Ortiz*, 589 S.W.3d at 131 (quoting *Dorsett*, 164 S.W.3d at 661).

A traditional motion for summary judgment requires the moving party to show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see Ortiz*, 589 S.W.3d at 131; *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). If the movant does so, the burden then shifts to the nonmovant to come forward with competent controverting evidence sufficient to raise a genuine issue of material fact on the challenged element. *See Lujan*, 555 S.W.3d at 84. A genuine issue of material fact exists if the evidence regarding the challenged element "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *First United*

*Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

When, as here, a party has moved for traditional summary judgment on an affirmative defense, the movant has the initial burden of establishing entitlement to judgment as a matter of law by conclusively establishing each element of its affirmative defense. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008) (per curiam); *see also* Tex. R. Civ. P. 166a(b), (c). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005); *see also Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).

If the movant meets its burden, the burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to one or more elements of the affirmative defense, precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

## B. CLAIM PRECLUSION

We address appellants' first sub-issue of their first point on appeal, complaining that the district court erred in holding their claims were barred by "res judicata," which we refer to as "claim preclusion." *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992) (within the "general doctrine" of res

judicata, "there are two principal categories: (1) claim preclusion (also known as res judicata); and (2) issue preclusion (also known as collateral estoppel.")).

## Applicable Law

"Res judicata, or claim preclusion, prevents relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *See Barr*, 837 S.W.2d at 628. Accordingly, claim preclusion bars claims when there is "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action." *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007); *see Caballero v. Wilmington Sav. Fund Soc'y, FSB*, No. 05-19-01054-CV, 2021 WL 3642256, at *2 (Tex. App.—Dallas Aug. 17, 2021, no pet.) (mem. op.).

## Analysis

Appellants concede it is "undisputed" that the first two elements of claim preclusion are satisfied. They argue appellee failed to meet her summary judgment burden to demonstrate as a matter of law the third element of claim preclusion. *See Daccach*, 217 S.W.3d at 449 (stating third element as "a second action based on the same claims that were raised or could have been raised in the first action"); *Caballero*, 2021 WL 3642256, at *2.

The lease in this case provides that upon termination, "Landlord *shall be entitled to recover from Tenant all damages* incurred by Landlord by reason of Tenant's Default[.]" (Emphasis added.) Appellants expressly "terminated" the lease August 5, 2020. When appellants filed the previous lawsuit, the lease entitled them, in part, to three categories of damages: (1) rent unpaid before termination, (2) rent unpaid after the lease's termination and before appellants receive judgment therefor, "and" (3) "unpaid rent called for under the Lease for the balance of the term[.]" Moreover, appellants cite judicial opinions that provide a landlord may sue for future damages upon breach of lease. *See, e.g., Austin Hill Country Realty, Inc. v. Palisades Plaza, Inc.*, 948 S.W.2d 293, 300 (Tex. 1997).

Consequently, appellants "could have" alleged in the previous lawsuit a claim seeking judgment for all three categories of damages authorized by the lease. *Cf. Daccach*, 217 S.W.3d at 449; *Caballero,* 2021 WL 3642256, at *2. Instead, appellants alleged and recovered in the previous lawsuit only part of their claim by seeking solely unpaid rent that had accrued prior to the previous judgment. In this lawsuit, appellants seek (1) unpaid rents accrued from the time of judgment in the previous lawsuit to the time of judgment in this lawsuit and (2) subsequent rent to be paid for the balance of the lease's term—claims that they could have alleged in the previous lawsuit. Consequently, we conclude the case now before this Court is "a second action based on the same claims that were raised or could have been raised

–9–

in the first action." *Daccach*, 217 S.W.3d at 449; *see also Caballero*, 2021 WL 3642256, at *2.

Nonetheless, appellants argue the claims in this case are "distinct" from their claims in their previous action due to a recital in the previous judgment. They argue,

> The Judgment in the First Lease Lawsuit expressly provided that: "This Judgment does not preclude Plaintiffs from seeking additional damages as they accrue after December 2020." Thus, the judgment in the First Lease Lawsuit covered only the damages from when Phan breached the lease through December 2020. The claims in the Second Lease Lawsuit pertain to damages accruing after December 2020.

(Record citations omitted.)

Accordingly, we consider whether the recital in the first judgment concerning "additional damages as they accrue after December 2020" forecloses application of claim preclusion in this case, as appellants assert. We construe judgments under the same rules of interpretation as those applied to other written instruments. *See In re S.B.*, No. 05-20-00338-CV, 2023 WL 6284703, at *22 (Tex. App.—Dallas Sept. 27, 2023, no pet.) (mem. op.); *Azbill v. Dall. Cnty. Child Protective Servs.*, 860 S.W.2d 133, 136 (Tex. App.—Dallas 1993, no writ). We begin with the text of the judgment as written and, if it is unambiguous, we must give effect to the literal language used. *In re Piatt Servs. Int'l, Inc.*, 493 S.W.3d 276, 281 (Tex. App.—Austin 2016, orig. proceeding). For undefined terms, we must give the term its common and ordinary meaning and typically look first to dictionary definitions. *Anadarko Petrol. Corp. v. Hous. Cas. Co.*, 573 S.W.3d 187, 192 (Tex. 2019). The judgment in the previous

–10–

case does not define "accrue." The common and ordinary meaning of "accrue" is "to come into existence as a legally enforceable claim." *Accrue*, WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY (1985). Moreover, appellants quote a Texas Supreme Court opinion that states, "[A] cause of action accrues . . . when facts exist that authorize a claimant to seek judicial relief." *See Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 279 (Tex. 2004).

As noted, appellants "terminated" the lease August 5, 2020, and the lease expressly authorized appellants to seek damages they seek in this lawsuit at the time they terminated the lease. Consequently, appellants' claim for the damages they claim in this lawsuit accrued—came into existence as a legally enforceable claim—on August 5, 2020, when they terminated the lease and before they filed the previous lawsuit. *See also id*. Therefore, we conclude the recital in the previous judgment concerning claims that "accrue after December 2020" cannot apply to appellants' claim for damages for breach of lease in this lawsuit, which accrued August 5, 2020, prior to the previous lawsuit and judgment.

Appellants cite an opinion of this Court to support their assertion that the recitation in the judgment in the previous lawsuit avoids application of claim preclusion in this lawsuit. *See Swiss Ave. Bank v. Slivka*, 724 S.W.2d 394 (Tex. App.—Dallas 1986, no writ) (*Slivka II*). In *Slivka II*, this Court noted its statement in a previous opinion, *Slivka I*, which stated,

> We do not reach the question of whether the Bank may recover attorney's fees in any other action or by virtue of the terms and provisions of the deeds of trust and this opinion is not to be read as holding that the Bank may not hereafter recover attorney's fees as provided for in the notes and deeds of trust.

*Id.* at 397 (quoting *Slivka v. Swiss Ave. Bank*, 653 S.W.2d 939, 944 (Tex. App.—Dallas 1983, no writ) (*Slivka I*). In *Slivka I*, this Court concluded the bank was not entitled to attorney's fees "in this action" for opposing an injunction because the terms of promissory notes only provided for attorney's fees in judicial proceedings to collect on notes. *See Slivka*, 653 S.W.2d at 943–44. Notably, the bank was not required to assert in *Slivka I* a compulsory counterclaim to collect the notes in order to avoid claim preclusion in subsequent litigation. *See Slivka*, 724 S.W.2d at 396-97. The above-quoted language in *Slivka I* simply recognized the bank had not "split" a cause of action. *Cf. Jeans v. Henderson*, 688 S.W.2d 100, 103 (Tex. 1985) (claim preclusion prevents a plaintiff from "'splitting' his cause of action" by attempting to assert claims in a subsequent lawsuit that could have been litigated in a prior lawsuit); *see Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 629 (Tex. 1992) ("Claim preclusion prevents splitting a cause of action."). Appellants in this case did. Consequently, *Slivka I* and *Slivka II* do not support appellants' argument.

Appellants also cite *Great Southern Life Insurance Co. v. Johnson,* 13 S.W.2d 424 (Tex. App.—Amarillo 1929), *rev'd on other grounds*, 25 S.W.2d 1093 (Tex. Comm'n App. 1930). In that case, involving installment payments of insurance proceeds, the previous judgment recited,

> The Court further finds that the plaintiff is not entitled to recover judgment maturing the installments of $2,000.00 a year maturing in the future. This judgment in respect to future installments is without prejudice to the rights of either of the parties hereto in any litigation that may be had concerning said future installments.

*Id.* at 428. The appellate court in the subsequent lawsuit explained, "The court thereby *dismissed* from that suit all matters and issues relating to such future installments and properly so, because that part of the plaintiff's action was prematurely brought" *Id.* (emphasis added). In contrast to *Great Southern Insurance Co.*, in which the plaintiff had no right to assert claims for installments that had not yet accrued, the lease and its termination in this case expressly authorized appellants to raise in the previous lawsuit the same claims that appellants subsequently alleged in this case. Consequently, *Great Southern Insurance Co.* is inapposite.

Appellants also rely on *Chandler v. Prichard*, 321 S.W.2d 891 (Tex. App.—Eastland 1958, writ ref'd n.r.e.). There, the previous judgment stated, "The question of the claims of intervenors is not adjudicated herein . . . ." *Id.* at 894. The *Chandler* court concluded claim preclusion did not apply to the intervenor in the case before it because the previous judgment expressly stated "it was not passing on his claims." *See id.* Unlike this case, *Chandler* did not involve a party's attempt to split a cause of action and is therefore inapposite.[1]

---

[1] Appellants cite other Texas appellate court opinions. However, those opinions do not involve judgment recitations similar to that in appellants' previous lawsuit. We do not further address those opinions.

Conclusion

We overrule appellants' first sub-issue of its first appellate issue.

## C. ISSUE PRECLUSION

In their second sub-issue of their first appellate issue, appellants complain the trial court erred in holding their claims were barred by "collateral estoppel," or issue preclusion, which appellee had raised as an alternative ground for summary judgment.

We concluded above the trial court did not err in granting appellee's motion for summary judgment in favor of appellee on the ground that claim preclusion barred appellants' claims in this lawsuit for breach of lease. Appellee's proving the affirmative defense of claim preclusion provided her a complete defense to appellants' claim for breach of lease and supported summary judgment regardless of issue preclusion.

Consequently, we overrule appellants' second sub-issue of their first appellate issue.

## D. ATTORNEY'S FEES

Appellants complain in the third sub-issue of their first appellate issue that the trial court erred in holding that appellee was entitled to attorney's fees because, they argue, she was not the prevailing party on their claim for breach of lease. Appellants argue, "In light of the district court's error in determining the doctrine of res judicata barred SJF and HSB's claims, the trial court's determination that Phan was the

'prevailing party' was also error." Moreover, they argue, "Ordinarily, for the purposes of awarding attorney's fees, case law defines the term 'prevailing party' as referring to party who successfully prosecutes an action or successfully defends against an action on the main issue. *Pegasus Energy Grp., Inc. v. Cheyenne Petroleum Co.*, 3 S.W.3d 112, 128 (Tex. App.—Corpus Christi-Edinburg 1999, pet. denied)."

The second amendment to the lease provides,

> Should any dispute arise between the Parties, or their legal representatives, successors and/or assigns concerning any provision of this Amendment or the rights and duties of any person in relation thereto, the Party prevailing in such dispute shall be entitled, in addition to such other relief that may be granted, to recover reasonable attorneys' fees and legal costs in connection with such dispute.

Contrary to the sole premise of appellants' argument, we concluded above that the trial court did not err in granting appellee summary judgment on the affirmative defense of claim preclusion on appellants' claim for breach of lease. Therefore, appellee was a prevailing party in this case by successfully defending appellants' claim for breach of lease. *See Pegasus Energy Grp., Inc.*, 3 S.W.3d at 128.

We overrule appellants' third sub-issue of their first issue on appeal.

### E. CONCLUSION

We overrule appellants' first issue on appeal.

## III. APPELLANTS' CLAIM FOR BREACH OF LEASE

Appellants state their second issue on appeal as follows:

Whether the district court erred in denying Appellants SJF Forest Lane and HSB Forest Lane's Motion for Summary Judgment on their breach of lease claims.

Appellants argue the trial court erred in denying their motion for summary judgment on their claim for breach of lease because claim preclusion does not apply to their claim in this case. However, we concluded above the trial court did not err in granting appellee's motion for partial summary judgment on appellants' claim for breach of lease on the basis of appellee's affirmative defense of claim preclusion. That conclusion warrants our overruling appellants' assertion that the trial court erred in denying its motion for summary judgment on its claim for breach of lease.

Moreover, appellants stated in their response to appellee's motion for summary judgment, "The Plaintiffs have withdrawn their *Motion of Summary Judgment*." (Emphasis in original.) The final judgment recites, "all other relief pending before the Court which is not expressly granted herein, is hereby denied[.]" However, when the trial court signed its final judgment, there was no "pending" motion for summary judgment by appellants on their claim for breach of lease and no ruling by the trial court on the withdrawn motion. In this regard, appellants' complaint finds no support in the appellate record.

We overrule appellants' second issue on appeal.

–16–

## IV. ATTORNEY'S FEES–DEFENSE OF
## APPELLEE'S COUNTERCLAIM

Appellants state their third appellate issue as follows:

Whether the district court erred in denying [appellants'] Motion for Partial Summary Judgment on Their Claim for Attorneys' Fees and holding that [appellants] are not prevailing parties on the wrongful garnishment counterclaim and not entitled to attorney's fees under the Lease.

Appellants argue they are entitled to attorney's fees under the lease because they defeated appellee's wrongful garnishment claim, which appellee voluntarily dismissed. Appellants argue, "In the context of a request for attorney's fees pursuant to a contract, a defendant may be a prevailing party when a plaintiff nonsuits without prejudice if the nonsuit was taken to avoid an unfavorable ruling on the merits." They cite *Epps v. Fowler*, 351 S.W.3d 862, 870 (Tex. 2011). However, *Epps* states, "[W]e hold that a defendant may be a prevailing party when a plaintiff nonsuits without prejudice *if the trial court determines,* on the defendant's motion, that the nonsuit was taken to avoid an unfavorable ruling on the merits." *Id.* (emphasis added).

The appellate record does not contain the judicial determination required by *Epps* that appellee nonsuited her claim to avoid an unfavorable ruling. Absent such a finding, appellants' are not entitled to an award of attorney's fees pursuant to *Epps*. *See id.*; *Centurion Am. Custom Homes, Inc. v. Crossroads Opportunity Partners, LLC*, No. 05-21-00025-CV, 2022 WL 17974698, at *3 (Tex. App.—Dallas Dec. 28,

–17–

2022, no pet.) (mem. op.) (overruling issue that trial court erred in not awarding attorney's fees to appellant because, "There is no ruling from the trial court concluding that appellees nonsuited their case to avoid an unfavorable ruling."); *TLC CEC Parkdale, LLC v. Trevino*, No. 13-20-00382-CV, 2022 WL 3652500, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 25, 2022, no pet.) (mem. op.) (overruling issue that the trial court erred in not awarding attorney's fees to appellant as "prevailing party" because, "There is no ruling from the trial court concluding that Trevino nonsuited his case to avoid an unfavorable ruling."); *Int'l Med. Ctr. Enters., Inc. v. ScoNet, Inc.*, No. 01-16-00357-CV, 2017 WL 4820347, at *16 (Tex. App.—Houston [1st Dist.] Oct. 26, 2017, no pet.) (ruling that defendant was not entitled to attorney's fees due to lack of a trial court finding on plaintiff's motive for nonsuiting its claim).

We overrule appellants' third appellate issue.

## V. APPELLEE'S CROSS-APPEAL

Appellee complains the trial court erroneously excluded evidence of her attorney's fees for services provided in March and April 2022.[2]

Trial was set to commence March 28, 2022. The trial court cancelled the trial date. Trial to the court took place June 2, 2022. Before June 2, 2022, appellee had timely produced some evidence of her attorney's fees to appellants. At trial, appellee

---

[2] We continue to identify the parties as appellants and appellee in addressing appellee's cross-appeal unless the context requires otherwise.

sought to introduce additional evidence of attorney's fees for legal services provided during three months immediately preceding trial—March, April, and May 2022. Appellants' counsel objected that appellee's production on the day of trial was untimely pursuant to the scheduling order. He argued the invoices for those three months should be excluded pursuant to Texas Rule of Civil Procedure 193.6, which provides,

> **(a) Exclusion of evidence and exceptions.** A party who fails to make, amend, or supplement a discovery response, including a required disclosure, in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified, unless the court finds that:
>
>> (1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or
>>
>> (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.
>
> **(b) Burden of establishing exception.** The burden of establishing good cause or the lack of unfair surprise or unfair prejudice is on the party seeking to introduce the evidence or call the witness. A finding of good cause or of the lack of unfair surprise or unfair prejudice must be supported by the record.

TEX. R. CIV. P. 193.6(a), (b). After hearing argument, the trial court ruled,

> So the bills from March and April are out.
>
> The bill from May can come in because it's June 2nd, and if you do your bill on the first of the month, it's very reasonable for that to be done for May. So that's what we'll do.
>
> . . .

–19–

> Your attorney's fees as to March and April are out. You can testify as to May.

Rule 193.6 "is mandatory, and the penalty—exclusion of evidence—is automatic, absent a showing of: (1) good cause or (2) lack of unfair surprise or (3) unfair prejudice." *Lopez v. La Madeleine of Tex., Inc.*, 200 S.W.3d 854, 860 (Tex. App.—Dallas 2006, no pet.). A party seeking to exclude evidence under Rule 193.6 bears the threshold burden of proving a violation of the discovery rules. *See Ramirez v. Welch*, No. 05-16-00681-CV, 2018 WL 3725254, at *4 (Tex. App.—Dallas Aug. 6, 2018, no pet.) (mem. op.). A finding of good cause or lack of unfair surprise or unfair prejudice can be supported by counsel's uncontested representations to the trial judge—"if the trial court credits them"—about the state of discovery in the case. *Jackson v. Takara*, 675 S.W.3d 1, 6 (Tex. 2023) (per curiam); *Monzingo v. Flories*, No. 05-22-00719-CV, 2023 WL 6632799, at *3 (Tex. App.—Dallas Oct. 12, 2023, pet. denied) (mem. op.).

We review the trial court's decision for abuse of discretion. *See VSDH Vaquero Venture, LTD. v. Gross*, No. 05-19-00217-CV, 2020 WL 3248481, at *4 (Tex. App.—Dallas June 16, 2020, no pet.) (mem. op.). The general test for abuse of discretion is whether the trial court acted without regard to any guiding rules or principles. *See Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). This occurs when either (1) the trial court fails to analyze or apply the law correctly, or (2) with regard to factual issues or matters committed to its discretion, the trial court could

reasonably only reach one decision and failed to do so. *See Jaster-Quintanilla & Assocs., Inc. v. Prouty*, 549 S.W.3d 183, 188 (Tex. App.—Austin 2018, no pet).

The parties do not dispute that the excluded evidence was not timely provided. However, appellee argues, "Here, the record reflects uncontroverted evidence of good cause and no evidence of unfair surprise or prejudice."

The good cause exception "allows a trial judge to excuse a party's failure to comply with discovery obligations in difficult or impossible circumstances." *PopCap Games, Inc. v. MumboJumbo Distrib., LLC*, 350 S.W.3d 699, 718 (Tex. App.—Dallas 2011, pet. denied). Inadvertence, lack of surprise, or the uniqueness of the offered evidence do not, standing alone, constitute good cause. *See id.* A party who relies on the good-cause exception must make a strict showing. *Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 915 (Tex. 1992) (interpreting materially similar predecessor to Rule 193.6); *Franke v. Palau,* No. 01-18-00424-CV, 2019 WL 2220112, at *4 (Tex. App.—Houston [1st Dist.] May 23, 2019, no pet.) (mem. op.).

Appellee argues she demonstrated good cause because appellee's counsel had a busy schedule. Appellee fails to cite a judicial opinion in her response brief that holds a busy schedule, without more, supports a finding of good cause for purposes of rule 193.6. Appellee's counsel told the trial court he had his assistant office manager prepare the exhibit the night before trial so that he could review it the morning of trial and that he provided the exhibits to appellants' counsel the morning of trial. The trial court asked, "Well, you know—I mean, you knew about the trial

–21–

date since March, so why didn't you make it [the excluded exhibit] exist earlier?" Counsel repeated he was too busy to have done so. He also stated he sent the excluded exhibit "immediately" to appellants' counsel "so that he had as much notice as possible. I did not wait until the last minute to put this bill together."

The trial court reasonably could have found appellee did not present a record of "difficult or impossible circumstances" to support good cause. *See PopCap Games, Inc.*, 350 S.W.3d at 718 (good cause exception "allows a trial judge to excuse a party's failure to comply with discovery obligations in difficult or impossible circumstances"). Rather, the trial court could reasonably have concluded appellee's counsel waited "until the last minute" to put the invoices together. As the trial court stated, appellee had known about the reset trial date for several months, and appellee's counsel stated he had the invoices prepared for trial in one evening, the evening before trial. Moreover, the trial court had held in a pre-trial order that the "sole issue" to be tried was the amount of appellee's attorney's fees. The trial court was free not to credit even uncontested representations by counsel. *See Jackson,* 675 S.W.3d at 6. We conclude the trial court did not abuse its discretion in finding appellee failed to carry her burden of strictly demonstrating good cause. *See* TEX. R. CIV. P. 193.6(b) (burden); *Franke,* 2019 WL 2220112, at *4 (party who relies on rule 193.6's good-cause exception must make a strict showing of it) (citing *Alvarado*, 830 S.W.2d at 915).

We now consider appellee's argument that she established absence of unfair surprise or prejudice. We are guided by the purposes of Rule 193.6. Those purposes are: (i) to promote responsible assessment of settlement, (ii) to prevent trial by ambush, and (iii) to give the other party the opportunity to prepare rebuttal to expert testimony. *See In re D.W.G.K.*, 558 S.W.3d 671, 680 (Tex. App.—Texarkana 2018, pet. denied). Accordingly, in order to establish the absence of unfair surprise or prejudice, the party seeking to call an untimely disclosed witness or introduce untimely disclosed evidence must establish that the other party had enough evidence to assess settlement reasonably, to avoid trial by ambush, and to prepare rebuttal to expert testimony. *Id.*; *see F 1 Constr., Inc. v. Banz*, No. 05-19-00717-CV, 2021 WL 194109, at *3 (Tex. App.—Dallas Jan. 20, 2021 no pet.) (mem. op.).

Appellee's counsel argued to the trial court about unfair prejudice or unfair surprise as follows:

> I don't believe there's any unfair surprise or prejudice to the Plaintiffs by this exhibit being admitted. They don't have any problem with the document, Your Honor, except that they didn't get it until today."

Appellee argues in this Court that appellants did not dispute her trial court argument. However, appellee fails to acknowledge that appellee—not appellants—had the burden to demonstrate absence of unfair surprise or unfair prejudice. *See* TEX. R. CIV. P. 193.6(b). Moreover, the trial court could reasonably have concluded that appellee's argument failed to demonstrate appellants had enough evidence to assess settlement reasonably, to avoid trial by ambush, and to prepare rebuttal to expert

–23–

testimony—thereby failing to establish absence of unfair surprise or unfair prejudice. *See In re D.W.G.K.*, 558 S.W.3d at 680; *F 1 Constr., Inc.*, 2021 WL 194109, at *3.

Appellee argues appellants' attorney's fees expert testified "that while he had gotten the March and April billing statements 'this morning,' he had reviewed and was prepared to testify about them." However, the expert testified, "I have looked at them and have talked to you since then and had familiarity with some of the conduct that occurred in March, April, from a legal standpoint." The testimony concerning review of "some" of the excluded evidence does not support appellee's assertion that appellants' expert "was prepared to testify about them."

Appellee raises a new argument in her reply brief that appellants could not have been surprised by the excluded invoices because appellants were aware before trial of some legal services reflected in the excluded invoices and should have anticipated that appellee's counsel would prepare for trial. But we do not consider arguments raised for the first time in a reply brief. *See Monzingo*, 2023 WL 6632799, at *5 n.3 (citing *Hunter v. PriceKubecka, PLLC*, 339 S.W.3d 795, 803 n.5 (Tex. App.—Dallas 2011, no pet.).[3] However, even if the argument that appellants were aware of the issue of attorney's fees were not considered to be a new argument, we would reject it because "rule 193.6(a) relates to discovery of *evidence;* its principal

---

[3] Consequently, we do not consider other assertions raised for the first time in appellee/cross-appellants' reply brief.

purpose—and most common application—is to protect a party from surprise concerning the existence of undisclosed evidence—not issues." *See Lopez*, 200 S.W.3d at 862 (emphasis in original). The rule applies when the existence of evidence was not disclosed in a timely manner, whether or not such evidence related to an issue both parties knew existed in the case. *See id.*

The trial court did not abuse its discretion in concluding that appellee failed to carry her burden to demonstrate appellants had enough evidence to assess settlement reasonably, to avoid trial by ambush, or to prepare rebuttal to expert testimony. *See In re D.W.G.K.*, 558 S.W.3d at 680; *F 1 Constr., Inc.*, 2021 WL 194109, at *3. Consequently, the trial court did not abuse its discretion in concluding appellee failed to demonstrate absence of unfair surprise or unfair prejudice.

The trial court did not abuse its discretion by excluding the untimely disclosed evidence. *See F 1 Constr., Inc*, 2021 WL 194109, at *3.

We overrule the sole issue in appellee's cross-appeal.

## VI. CONCLUSION

We overrule appellants' appeal and appellee's cross-appeal. We affirm the trial court's judgment.

/Bill Pedersen, III/
_____
BILL PEDERSEN, III
JUSTICE

220905F.P05

–25–



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

SJF FOREST LANE, LLC, A
DELAWARE LIMITED LIABILITY
COMPANY, AND HSB FOREST
LANE, LLC, A DELAWARE
LIMITED LIABILITY COMPANY,
SUCCESSORS-IN-INTEREST TO
FL ASSOCIATES, LLC, A
DELAWARE LIMITED LIABILITY
COMPANY, Appellants

On Appeal from the 192nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-03613.
Opinion delivered by Justice
Pedersen, III. Justices Molberg and
Nowell participating.

No. 05-22-00905-CV          V.

TRINA PHAN, Appellee

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered May 31, 2024